# Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF      DELAWARE

TERRY L. SNYDER,

**SUBPOENA IN A CIVIL CASE**

V.

CASE NUMBER:[1]   04-970-JJF

CITISTEEL USA, INC.

TO:
Records Custodian
Bank One
2740 Airport
Columbus, OH 43271

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **Any and all records referring or relating to Terry L. Snyder a/k/a Terri L. Snyder (SSN: 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; DOB: 12/20/68), including but not limited to, correspondence, employment applications, resumes, employment records, performance evaluations, personnel file, disability file, medical records file, benefits file, pension records, disciplinary warnings, termination records, termination agreements, severance pay records, payment and salary records, and tax records.**

| PLACE | DATE AND TIME |
| --- | --- |
| **Young, Conaway, Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-1031** | September 3, 2006 at 9:00 a.m.[1] |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signature]*    Attorney for Defendant | August 22, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Margaret M. DiBianca, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, P.O. Box 391, Wilmington, DE 19899-1031, 302-571-5008

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] Personal appearance is waived if documents are produced by specified date.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
ATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv) subjects a person to undue burden.
  (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
  (d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Affidavit of Process Server

__United States District Court / District of Delaware__
(NAME OF COURT)

__Terry L. Snyder__ vs __Citisteel USA Inc.__   __04-970-JJF__
PLAINTIFF/PETITIONER    DEFENDANT/RESPONDENT    CASE NUMBER

I, __Daphne Henderson__, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

Service: I served __Scott Bussen / Records Custodian Bank One / Chase__
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) __Subpoena__

by leaving with _____ _____ At
                    NAME                 RELATIONSHIP
☐ Residence _____ _____
              ADDRESS                    CITY / STATE
☐ Business _____ _____
             ADDRESS                     CITY / STATE

On __8/29/06__ AT __2:12 PM EDST__
    DATE                TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on __8/29/06__
from __Hilliard__ __Ohio__ __43026__
      CITY      STATE    ZIP

**Manner of Service:**
☒ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist   ☐ Other _____

Service Attempts: Service was attempted on: (1) _____ _____ (2) _____ _____
                                                 DATE          TIME        DATE          TIME
(3) _____ _____ (4) _____ _____ (5) _____ _____
      DATE          TIME        DATE          TIME        DATE          TIME

Description: Age____ Sex____ Race____ Height____ Weight____ Hair____ Beard____ Glasses____

_Daphne Henderson_
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this __31__ day of __August__, 2006.

Benjamin J. Royer
Notary Public, State of Ohio
My Commission Expires 06/17/10

SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of __Ohio__

NAPPS

FORM 2     NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2006, I electronically filed a true and correct copy of foregoing Subpoena Return of Service with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Lori A. Brewington, Esquire
>Margolis Edelstein
>1509 Gilpin Avenue
>Wilmington, DE  19806

>YOUNG CONAWAY STARGATT & TAYLOR, LLP

>/s/ Margaret M. DiBianca
>Sheldon N. Sandler, Esquire (No. 245)
>Margaret M. DiBianca, Esquire (No. 4539)
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, Delaware  19899-0391
>Telephone: (302) 571-5008
>Facsimile: (302) 576-3476
>Email:  mdibianca@ycst.com
>Attorneys for Defendant

Dated:  September 1, 2006