IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TERRY L. SNYDER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-970(JJF) |
| | ) | |
| v. | ) | |
| | ) | |
| CITISTEEL USA, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ANSWERS TO DEFENDANT'S SECOND SET OF INTERROGATORIES**

22. Identify any and all sources of income you have received since the end of your employment with CitiSteel including the name, address, and telephone number of each source including but not limited to any employer, government agency, family member or relative, welfare, charitable, or religious organization, or other source and, with specificity, identify the amount of such wages.

**ANSWER:** After employment with CitiSteel, Plaintiff was employed through Bernard temporary agency and most of her employment was coordinated through them. At the time she was working with Bernard, she did have assignments with: The Franklin Company in approximately August and September 1994; American Flag Company in approximately April and May 2005; Abacus Consulting in approximately June 1995; Delaware Temporary Systems in approximately November, December 2004 and January and March 2005; Bayshore Ford and Truck and Vintage Properties, LLC over a short period of time in 2005. Plaintiff also worked for the Skelly Group, 610 West State Street, Media, Pennsylvania from approximately January through March 2006, but did not complete the 90-day probationary period and did not get offered any kind of benefits, nor

was she given any company literature. Copies of pay stubs have been provided in previous production as well as tax returns. Plaintiff is not in possession of any further employment documentation which has not already been produced. Additionally, Plaintiff did collect unemployment for a period of approximately 39 months after her termination with Citi-Steele. Additionally, since being terminated from CitiSteel on occasion Plaintiff does receive moneys from her father which helps her with expenses. She does receive occasional payments of approximately $300 at a time but has not received any money from her father for approximately the last two months.

23. Identify all job interviews you have attended since the end of your employment with CitiSteel including the name of the potential employer, the date(s) on which you applied for such employment, how you applied for such employment, how, by whom, and when you were contacted about the interview, the date(s) of the interview(s), the location of the interview(s), and the name of the interviewer(s), and the outcome of the interview.

**ANSWER:** Plaintiff objects to this interrogatory as overbroad, unduly burdensome and not meant to lead to relevant discoverable information. Without waiving its objection, Plaintiff asserts that all responsive documents, based on information and belief, have previously been produced. Plaintiff does recall having gone on approximately 10-20 interviews through Bernard temporary services and/or Matrix temporary services, but cannot recall the names of those companies other than the Blood Bank of Delaware on Hygeia Drive, and Allstate Insurance Company, Route 40, Wilmington, Delaware. Plaintiff's attempts at obtaining any of those jobs were unsuccessful.

24. Identify the circumstances surrounding your initial diagnosis of Hepatitis-C, including the date of the initial diagnosis, the health care provider(s) who made such diagnosis, the diagnosed cause, and the course of treatment and medicine that were prescribed.

**ANSWER:** In either July 2003 or 2004, Plaintiff had a blood test ordered by her primary care physician, Dr. Ronald Goodman of Total Care Physicians, and she was diagnosed by Dr. Goodman at that time. Dr. Goodman did not recommend any treatment and referred Plaintiff to Stacy Manichek, M.D., another Delaware Physician (who no longer practices in Delaware, but is allegedly practicing in Pennsylvania). In approximately January 2005, Dr. Manichek began a treatment of medication and injections (one of which was Interferon) on a daily basis and this continued until approximately March 2006, when Dr. Manicheck determined that Plaintiff's condition had gone into remission. As of that time, Plaintiff has not been on any medications for this condition, nor has she seen any medical providers for this condition.

25. Identify your qualifications, skills and experience for an administrative or secretarial position including but not limited to your computer abilities, your familiarity and experience with standard software programs such as Microsoft Office, your typing skills (in number of words per minute, including the date such skills were last assessed and by whom they were assessed), and any other similar abilities.

**ANSWER:** Plaintiff is knowledgeable in the operation of the following computer programs: Microsoft Excel, Word; Lotus; Corel Word Perfect and has been

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TERRY L. SNYDER, | ) |
| | ) |
| Plaintiff, | )   C.A. No. 04-970(JJF) |
| | ) |
| v. | ) |
| | ) |
| CITISTEEL USA, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

I, Lori A. Brewington, do hereby certify that on September 15, 2006, I electronically filed *Plaintiff's Answers to Defendant's Second Set of Interrogatories* with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Margaret M. DiBianca, Esquire
Sheldon N. Sandler, Esquire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

MARGOLIS EDELSTEIN

/s/ Lori A. Brewington
Jeffrey K. Martin, Esquire (#2407)
Lori A. Brewington, Esquire (#4522)
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680 (Telephone)
Attorneys for Plaintiffs

Dated: September 15, 2006