IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TERRY L. SNYDER, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 04-970(JJF) |
| | ) |
| v. | ) |
| | ) |
| CITISTEEL USA, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S AMENDED/SUPPLEMENTAL RESPONSE TO DEFENDANT'S FIRST REQUEST FOR ADMISSIONS

1. The tapes produced as P-0508-09 and P-0506 are the only tape recordings you claim support the allegations made in your complaint.

    **RESPONSE:** Admitted.

2. You tape recorded a conversation with Randolph Harris (See P-0508-09) without his knowledge or consent.

    **RESPONSE**: Admitted

3. Randolph Harris does not say the words "panties," "dress," or "underwear," on the tape recording produced as P-0508.

    **RESPONSE**: Admitted.

4. Randolph Harris does not say the words "panties," "dress," or "underwear" on the tape recording produced as P-0509.

    **RESPONSE:** Admitted.

5. Randolph Harris does not admit nor agree that he made any comment to you involving a "dress with no panties" on the tape recording produced as P-0508.

**RESPONSE**: Admitted that Randolph Harris did not say the words "I admit that I made a comment to you involving a dress with no panties" nor did he say the words "I agree that I made a comment to you involving a dress with no panties" on tape recording produced as P-0508.

6. Randolph Harris does not admit nor agree that he made any comment to you involving a "dress with no panties" on the tape recording produced as P-0508.

**RESPONSE**: Admitted that Randolph Harris did not say the words "I admit that I made a comment to you involving a dress with no panties" nor did he say the words "I agree that I made a comment to you involving a dress with no panties" on tape recording produced as P-0508. Requests #5 and #6 are exactly the same request.

7. Your fear of heights made it uncomfortable and/or upsetting for you to walk on the catwalk in the Melt Shop at CitiSteel unaccompanied by another person.

**RESPONSE:** Admitted that in the beginning, while originally temping at Citi-Steel, Plaintiff's fear of heights made her uncomfortable and/or upset, however, she conquered that fear by the time she was offered the job on a permanent basis on or about August 3, 2001.

8. You told Randolph Harris that a toga party was a party where attendees wore only a sheet.

**RESPONSE**: Denied.

9. You told CitiSteel employee(s) and/or vendor(s) that a toga party was a party

where attendees wore only a sheet.

**RESPONSE**: Denied.

10. On or about April 7, 2003, for the first time you told your father that you believed you were being sexually harassed.

**RESPONSE**: Denied. <u>Plaintiff informed her father that she believed she was being sexually harassed significantly sooner than April 7, 2003.</u>

11. You told your mother for the first time that you believed you were being sexually harassed in March 2003.

**RESPONSE**: Denied. <u>Plaintiff informed her mother that she believed she was being sexually harassed significantly sooner than April 7, 2003.</u>

12. Within forty-eight (48) hours after you first complained of harassment to Dennis Ford, Jerome Downie assured you that he took your claims of harassment seriously and that your claims would be investigated promptly.

**RESPONSE**: Denied. <u>Plaintiff asserts that she initially spoke with Dennis Ford about the harassment of Harris and within a few hours that same day, Jerome Downie called Plaintiff in to discuss what she had told Downie. Further, at no time during that conversation with Downie, did Downie assure Plaintiff that he took her claims of harassment seriously or that her claims would be investigated promptly.</u>

13. Jerome Downie offered you a position in the Shipping Department as a Clerk/Typist.

**RESPONSE**: Denied. Plaintiff denies that she was ever offered a position as Clerk/Typist in the Shipping Department by Downie or anyone employed by CitiSteel and further asserts that such a position never even existed.

14. To the best of your knowledge on April 8, 2003, the Clerk/Typist position in the Shipping Department involved typing, filing, and generating reports for the Shipping Department.

**RESPONSE**: Denied. Plaintiff asserts that she was never given parameters of a job for Clerk/Typist on or around April 8, 2003 because she was never offered a position as Clerk/Typist in the Shipping Department and she did not work in the Shipping Department April 8, 2003 or any time after that.

15. Prior to April 8, 2003, you had worked in departments other than the Melt Shop on a "fill-in" or "as needed" basis.

**RESPONSE**: Admitted.

16. Prior to April 8, 2003, you had worked in the Shipping Department on a "fill-in" or "as needed" basis.

**RESPONSE**: Denied. Plaintiff denies ever having worked in the Shipping Department on a "fill-in" or "as needed" basis.

17. While you worked in the Melt Shop, you were required by Citi-steel policies to wear safety gear, such as a fireproof suit and/or steel-toed shoes, because of the dangers of the industrial environment.

**RESPONSE**: Admitted.

18. The normal temperature in the Melt Shop was significantly higher than the normal temperature in the:

    a)    Personnel Office

    b)    Accounting Office

    c)    Shipping Department

**RESPONSE**:    As to 18(a) Admitted.

                     As to 18(b) Admitted.

                     As to 18(c) Denied. Plaintiff has no knowledge <u>of the temperature in the Shipping Department as she had never worked there</u>.

19. The documents submitted as P837-P43, which are identified on the first page as a "Diary" contain entries and notes written by you on or after April 7, 2003.

**RESPONSE:** Denied.

20. You do not have a journal or diary that was kept contemporaneously for any length of time between January 1, 2003 through April 30, 2003 and which contains notes for five (5) or more days. "Contemporaneously," for this request, is intended to indicate entries that were written on the same or within one day of the event, action, or observation described or logged into the journal.

**RESPONSE**: Admitted.

21. You were unemployed from November 1998 through August 2001. (<u>See</u> D1.)

**RESPONSE**: Denied. <u>Plaintiff asserts that she did work during that period and that in</u>

good faith she did previously produce copies of pay stubs and/or other employment information.

22. During the first eight months following the end of your employment with CitiSteel, your job search consisted of fourteen (14) faxes to potential employers. See documents produced as Snyder v. CitiSteel 293 and Snyder v. CitiSteel 295-307.

**RESPONSE**: Denied. Plaintiff's previous production includes well in excess of 14 fax cover sheets to potential employers for just the month of December 2004, and this Request is denied as being inaccurate.

23. You have been convicted of a crime, including misdemeanor and/or felony convictions, in the Commonwealth of Pennsylvania.

**RESPONSE**: Denied in part. Based on information and belief, Plaintiff was convicted of a misdemeanor on a charge of disorderly conduct in Pennsylvania and has never been convicted of a felony.

MARGOLIS EDELSTEIN

/s/ Lori A. Brewington
_____
Jeffrey K. Martin, Esquire (#2407)
Lori A. Brewington, Esquire (#4522)
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680 Phone
Attorneys for Plaintiff

Dated: September 15, 2006

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TERRY L. SNYDER, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 04-970(JJF) |
| ) | |
| v. ) | |
| ) | |
| CITISTEEL USA, INC. ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I, Lori A. Brewington, do hereby certify that two (2) true and correct copies of the *Plaintiff's Amended/Supplemental Response to Defendant's First Request For Admissions* were filed and served electronically on September 15, 2006 to the following:

Margaret M. DiBianca, Esquire
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

        MARGOLIS EDELSTEIN

        /s/ Lori A. Brewington

        Jeffrey K. Martin, Esquire (#2407)
        Lori A. Brewington, Esquire (#4522)
        1509 Gilpin Avenue
        Wilmington, Delaware 19806
        Phone: 302-777-4681
        Attorneys for Plaintiff