AO 88 (Rev. 1/94) Subpoena in a Civil Case

Case 1:04-cv-00970-JJF   Document 85   Filed 09/20/2006   Page 1 of 5

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF      DELAWARE

TERRY L. SNYDER,

**SUBPOENA IN A CIVIL CASE**

V.

CASE NUMBER:[1] 04-970-JJF

CITISTEEL USA INC.,

TO:
Records Custodian
Kalstein & Associates
3411 Silverside Road
Suite 102
Wilmington, DE 19810

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **Any and all records, notes, reports, consultations, summaries, diagnostic test reports, correspondence, memoranda, billing records, and any other documents pertaining to your patient Terri L. Snyder (DOB: 12/20/68; SSN: 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). See attached authorization for medical records.**

| PLACE | DATE AND TIME |
| --- | --- |
| **Young, Conaway, Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-1031** | **September 19, 2006 at 9:00 a.m.**[1] |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *[signature]*  Attorney for Defendant | DATE  September 14, 2006 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Margaret A. DiBianca, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-1031, 302-571-5008

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] Personal appearance is waived if documents are produced by specified date.

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 9/15/06 | 3411 SILVERSIDE RD. WILMINGTON, DE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| KALSRTEIN & ASSOC. | | ACCEPTED BY   KAREN QUINN |
| SERVED BY (PRINT NAME) | | TITLE |
| DENORRIS BRITT | | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   9/15/06
DATE

SIGNATURE OF SERVER

BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE  19899-1360
302-475-2600

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the partyor attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need notappearin person atthe place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materialsor of the premises. If objection is made, the partyserving the subpoenashall not be entitled to inspectand copyrnaterials, or inspectthe premises except pursuaritto an order of the court by which the subpoena was issued. If objection has been made, the parlyserving the subpoena may, upon notice to the person commanded to produce, move at any time for an orderto compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court bywhich asubpoenawas issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(h) requires a person who is not a party or an officer ofa partyto travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matterand no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(ii!) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows asubstantial need forthe testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are keptin the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged orsubjectto protection astrial preparation materials, the claim shall be made expresslyand shall be supported bya description of the natureof the documents, communications, orthings not produced that is sufficienttoenable the demanding party to contest the claim.

TO:        PHYSICIAN FOR TERRI L. SNYDER

FROM:   YOUNG CONAWAY STARGATT & TAYLOR, LLP

RE:        Medical Information and Records

By this release, signed by your patient Terri L. Snyder ("Patient"), you are authorized and directed to discuss medical information with or to otherwise permit the examination and copying or reproduction of the documents listed below in any manner requested or authorized by Young Conaway Stargatt & Taylor, LLP, specifically, Sheldon N. Sandler, Esq. and/or Margaret M. DiBianca, Esquire.

a.   Medical records of Patient, including patient record cards, chart notes, x-ray readings and reports, laboratory records and reports, all tests of any type or character and reports thereof, statement of charges, and any and all records pertaining to medical care, history, condition, treatment, diagnosis, prognosis, etiology through the present;

b.   Hospital records of Patient, including x-ray readings and reports, laboratory records and reports, all tests of any type or character and reports thereof, chart notes, statements of charges, and any and all records pertaining to hospitalization, history, condition, treatment, diagnosis, prognosis, etiology or expense through the present; and

c.   Other records relating to medical treatment or examination of Patient, including records pertaining to insurance benefits or third-party payor benefits through the present.

d.   You are further authorized and directed to discuss with Sheldon N. Sandler, Esq. and/or Margaret M. DiBianca, Esquire and to provide oral and written reports to Young Conaway Stargatt & Taylor, LLP, in care of Sheldon N. Sandler, Esq. and/or Margaret M. DiBianca, Esquire, or its delegate, as requested by them on any of the foregoing relevant matters.

Patient makes this consent upon the premise that all disclosures of alcohol and drug abuse records, if any, made pursuant to this authorization shall be accompanied by the following notice:

> NOTE: This information has been disclosed to you from records whose confidentiality is protected by Federal Law. Federal Regulation (42 CFR Part 2) prohibits you from making any further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by such regulations. A general authorization for release of the information is NOT sufficient for this purpose.

THIS CONSENT DOES NOT INCLUDE DISCLOSURE OF INFORMATION ABOUT PATIENT'S STATUS AS HIV NEGATIVE OR POSITIVE.

DB02:5150309.1

064633.1002

Patient understands that this consent is subject to revocation at any time, upon written notification by Patient to your treating facility, except to the extent that action has been taken in reliance thereon.

Patient hereby acknowledges that he has read, is familiar with, and fully understands the terms and conditions of this consent. Photocopies of this signed release shall be treated as executed originals.

_Jerri L. Snyder_  _1-20-06_
Signature of Patient               Date

DOB: 12-20-68
SSN: 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

_Kt Geppert_  (Katherine Geppert)
Signature of Witness

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2006, I electronically filed a true and correct copy of foregoing Subpoena Return of Service with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Lori A. Brewington, Esquire
> Margolis Edelstein
> 1509 Gilpin Avenue
> Wilmington, DE  19806

> YOUNG CONAWAY STARGATT & TAYLOR, LLP

> /s/ Margaret M. DiBianca
> _____
> Sheldon N. Sandler, Esquire (No. 245)
> Margaret M. DiBianca, Esquire (No. 4539)
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, Delaware  19899-0391
> Telephone: (302) 571-5008
> Facsimile: (302) 576-3476
> Email:  mdibianca@ycst.com
> Attorneys for Defendant

Dated:  September 20, 2006