IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TERRY L. SNYDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | C.A. No. 04-970-JJF |
| CITISTEEL USA INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>MOTION FOR COSTS AND SANCTIONS</u>**

Defendant CitiSteel USA, Inc., by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 37, hereby moves for the entry of an Order compelling Plaintiff Terry L. Snyder to pay the costs and expenses associated with her failure to appear for her properly noticed depositions, and for an award of associated costs and expenses to be entered for Defendant, and in support thereof, states the following:

1. Plaintiff Terry L. Snyder failed to appear at three consecutively scheduled and properly noticed depositions. Plaintiff's counsel agreed to pay for the costs associated with the cancellations, including the court reporter fees but, after several requests, has failed to remit such payment.

2. Defendant's First Request for Production requested Plaintiff to produce: "All records reflecting income[] received during the past seven years, . . . including copies of all federal and state income tax returns with all attached schedules." (Ex. A). Plaintiff's Response, dated March 20, 2006, stated, "Tax information for the year 2005 has been provided. Plaintiff is in the process of obtaining the remainder of her tax information, once obtained a copy will be provided as a supplement." (Ex. A).

3. However, as of her deposition on May 31, 2006, (D.I. 27), Plaintiff had made no such supplement. It was agreed at the deposition that Plaintiff would execute the proper

IRS release form so that Defendant could obtain her tax records and that Plaintiff would be made available for additional deposition testimony after the records were received. (Ex. B). This agreement was confirmed in a letter from Defendant's counsel to Plaintiff's counsel the following week. (Ex. C).

      4.      At her May 31st deposition, Snyder was "unable to recall" her employment history. Though she did recall her employment with Defendant from 2001 until 2003, and that she had worked at Delaware Park in 1998 and at an unnamed bank at some unknown time for an unknown duration, (Ex. D), she was unable to otherwise account for any employment, or lack thereof, from 1998 through November 2001. (Ex. E).

      5.      Defendant received the tax records from the IRS on August 20, 2006. The parties conferred on agreeable dates for Snyder's deposition and, on August 23, 2006, Defendant filed its Notice of Deposition for Snyder, scheduled for September 18, 2006. (D.I. 71).

      6.      On Monday, September 18, 2006, Defendant's counsel confirmed with Plaintiff's counsel that the deposition would proceed as scheduled. (Ex. F).

      7.      On Tuesday, September 19, 2006, at 3:52 p.m., Plaintiff's counsel sent an e-mail to Defendant's counsel canceling the deposition due to "illness." (Ex. F). Plaintiff's counsel was subsequently unavailable by telephone but Defendant's counsel left a voicemail message and sent an e-mail asking to discuss the cancelled deposition as soon as possible.

      8.      On September 25, 2006, counsel for both parties agreed to reschedule the deposition for Wednesday, September 27, 2006 at 9 a.m. (Ex. G). The deposition was re-noticed the same day. (D.I. 86).

      9.      On Wednesday, September 27 at 8:55 a.m. Plaintiff's counsel telephoned the undersigned and stated that Snyder had left a voicemail message indicating she would not be attending the deposition due to a "migraine headache." Counsel for both parties tentatively

rescheduled the deposition for Friday, September 29, 2006 at 9 a.m., pending Snyder's agreement and availability. (Ex. H).

10. On Thursday, September 28, 2006, Plaintiff's counsel notified the undersigned that the deposition would proceed as scheduled on Friday, September 29, 2006. (Ex. I).

11. At 8 a.m. Friday morning, Plaintiff's counsel called and again reported that Snyder had left another voicemail message stating that she was not able to attend the deposition due to a migraine headache and that she was on her way to the Emergency Room. Plaintiff's counsel stated that he would contact Snyder to obtain yet another date. (Ex. J)

12. The parties later rescheduled the deposition yet again. Defendant's counsel requested Snyder provide documentation for her three last-minute cancellations. (Ex. K).

13. When Plaintiff finally did appear for her deposition on October 17, 2006, she did not provide the requested documentation, nor could she recall when or from whom she sought treatment. (Ex. L).

14. When Plaintiff failed to appear on September 27, 2006, Plaintiff's counsel agreed that Plaintiff would be responsible for the court reporter fees incurred by the cancellation.

15. Two invoices were forwarded to Plaintiff's counsel on October 16, 2006, along with a letter requesting reimbursement in the amount of $280. (Ex. M). Plaintiff made no response and, on November 1, 2006, Defendant sent a second request for payment. (Ex. N). No payment has been received and there has been no correspondence from Plaintiff's counsel indicating that payment is forthcoming.

16. Federal Rule of Civil Procedure 37 "clearly provides" for sanctions against a party who fails to appear for a deposition. <u>Haraway v. NASCAR</u>, C.A. No. 98-522-KAJ, 2003 U.S. Dist. LEXIS 3460, at *13 (D. Del. Jan. 28, 2003); <u>Floyd v. Black Swan Shipping</u>, C.A. No. 98-4207, 2002 U.S. Dist. LEXIS 13385, at *2 (E.D. Pa. July 18, 2002).

17. Rule 37 specifically provides that a party who fails to appear at a properly noticed deposition, or the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." See Haraway, 2003 U.S. Dist. LEXIS 3460 at *13.

18. In addition to the $280 court reporter cancellation fee, which has been paid by Defendant, the undersigned has expended approximately $506 in attorney's fees and costs in the preparation and filing of this Motion, as well as additional fees incurred relating to preparation for, and subsequent attempts at scheduling, Plaintiff's depositions.

WHEREFORE, Defendant respectfully requests that this Court enter an order in the form attached hereto awarding Defendant's counsel reasonable attorney's fees and all costs incurred in connection with the cancelled depositions and the preparation of this Motion.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca
Sheldon N. Sandler, Esquire (No. 245)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
Email: mdibianca@ycst.com
Attorneys for Defendant

Dated: December 6, 2006