# EXHIBIT A

RECEIVED

MAR 2 2 2006

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

TERRY L. SNYDER,                )
                                )
        Plaintiff,              )        C.A. No. 04-970(JJF)
                                )
        v.                      )
                                )
CITISTEEL USA, INC.             )
                                )
                                )
        Defendant.              )

## PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF

Plaintiff, Terri L. Snyder, by and through her attorneys, Margolis Edelstein, hereby

propounds the following documents for inspection and copying to Defendant CitiSteel USA, Inc.

at the offices of Young Conaway Stargatt & Taylor, LLP City of Wilmington Law Department,

Louis L. Redding City/County Building, 800 North French Street, 9th Floor, Wilmington, DE

19801, in accordance with Rule 34 of the Federal Rules of Civil Procedure.

### DEFINITIONS AND INSTRUCTIONS

A.    The word "document" or "documents" as used herein is employed in the

broadest possible sense under Rule 34 and shall include without limitation the original and any

non-identical copy of any written, printed, typed, photographic, recorded or graphic matter,

however produced or reproduced, including but not limited to, any correspondence, memoranda,

notes, logs, telegrams, videotapes, audiotapes, tape recording, reports, diaries, transcripts of

telephone or other conversations or any other writings of any nature whatsoever, other

photographic and retrievable matter (whether taped or coded, electrostatically,

electromagnetically, or otherwise) in possession, custody or control of the above-named Plaintiff

and/or her attorneys.

B.    "Person" refers to the plural as well as the singular of any natural person, firm, corporation, association, group, partnership or organization, unless specifically stated otherwise.

C.    "You" and "your," as used in this Request, shall mean the Plaintiff, her agents, and all other persons acting on his behalf, including her attorneys.

D.    If you claim that the attorney-client, attorney work product, or any other privilege applies to any document which is sought by this Request, then with respect to that document:

(1).    State the date of the document;

(2).    Identify the author(s) of the document;

(3)    Identify each and every person who prepared or participated in the preparation of the document;

(4).    Identify each and every person for whom the document was intended as either an addressee or the recipient of a copy;

(5).    Identify each and every person who has ever had possession of the document if other than the person identified in the preceding paragraph (4); and

(6).    State the factual and legal basis for the claimed privilege, or specific statutory authority which provides the claimed ground for non-production.

E.    This Request shall be deemed continuing so as to require further supplemental production in the event Plaintiff, or any attorney, agent, representative or professional employed by Plaintiff in connection with this litigation obtains or discovers additional documents between the time of initial production and the time of hearing or trial.

2

<u>REQUESTS</u>

1.    All audiotapes, tape recordings, notes, diaries, logs, calendars, chronologies, reports of investigation, and other documents taken, made, or prepared by you or on your behalf concerning any fact in issue in this case, including without limitation summaries, statements, or recorded interviews of any person concerning any matter in issue in the pleadings.

**RESPONSE:**

**All documents have been provided.**

2.    All correspondence between you and Defendant referring or relating to any of your claims against Defendant.

**RESPONSE:**

**All documents have been provided.**

3.    All correspondence between you and any other person or entity (other than privileged documents) referring or relating to any of your claims against Defendants.

**RESPONSE:**

**All documents have been provided.**

4.    All documents you contend form the factual basis for or support your contention that Defendant committed any wrongful act, unlawful discrimination, unlawful harassment, and/or unlawful retaliation.

**RESPONSE:**

**All documents have been provided.**

5.    All documents (including those that support any claim for punitive or liquidated damages) establishing, supporting, evidence, referring or relating to any relief you seek in your Complaint, including but not limited to, all pecuniary or financial losses such as lost

3

income, salary, bonus or other compensation, benefits, damages for personal or bodily injury or

for emotional distress, and/or any injunctive or other non-pecuniary relief you request.

**RESPONSE:**

> **All documents have been provided.**

6.    All documents that you filed with, or that were sent to you by, the Equal

Employment Opportunity Commission ("EEOC"), Delaware Department of Labor ("DDOL"),

the DDOL's Division of Unemployment Insurance, and/or any other state, local or federal

agency in connection with your claims.

**RESPONSE:**

> **All documents have been provided.**

7.    All documents which relate or refer to your employment with Defendant,

including, but not limited to, all documents concerning any alleged changes in your working

conditions, assignments, rates of pay, and evaluations, or other documents concerning your

performance.

**RESPONSE:**

> **All documents in Plaintiff's possession have been provided.**

8.    Copies of all medical records of each physician, psychologist, psychiatrist,

therapist, counselor, social worker or other health care provider for treatment, examinations or

consultations with you for physical or emotional injuries allegedly sustained as a result of the

facts alleged in the Complaint.

**RESPONSE:**

> **All documents have been provided.  Plaintiff has also signed a medical authorization**
> **for Defendant's counsel to obtain Plaintiff's medical records.**

4

9.      All records reflecting income you received during the past seven years, whether as a result of employment or self-employment, including copies of all federal and state income tax returns with all attached schedules.

RESPONSE:

**Tax information for the year 2005 has been provided. Plaintiff is in the process of obtaining the remainder of her tax information, once obtained a copy will be provided as a supplement.**

10.      All documents concerning your efforts to secure employment in any job or position made any time during or after your employment with Defendant, including without limitation correspondence, employment applications, resumes, curriculum vitae, or biographical sketches sent to any prospective employer, employment agency, employment search firm, recruiter, temporary staffing firm, or vocational counselor and/or all documents he received from any prospective employer or employment agency.

RESPONSE:

**All documents have been provided.**

11.      All reports, correspondence, letters or any other documents you have sent to or received from any person you have identified as an expert in connection with the facts in issue in the pleadings, including without limitation any such documents that you contend support any allegation you make against Defendant.

RESPONSE:

**No experts have been retained at this time.**

12.      Any reports or other documents supplied to you by any person employed by you as an expert witness in this case including any documents containing opinions and/or facts on which opinions are based concerning any aspect of the matter in litigation.

RESPONSE:

    **No experts have been retained at this time.**

    13.    Copies of any report or other documents by any person you contend is an expert containing opinions and/or facts on which these opinions are based concerning any matter in issue in this case.

RESPONSE:

    **No experts have been retained at this time.**

    14.    All documents identified or referred to, in your answers to Defendant's First Set of Interrogatories Directed to Plaintiff.

RESPONSE:

    **All documents have been provided.**

    15.    Any other document or thing in your possession or available to you, in addition to the items specified in previous sections of this Request for Production that is relevant to any issue in the litigation, including but not limited to issues of liability and/or damages.

RESPONSE:

    **All documents have been provided.**

                                   MARGOLIS EDELSTEIN

                                   Jeffrey K. Martin, Esquire (#2407)
                                   Lori A. Brewington, Esquire (#4522)
                                   1509 Gilpin Avenue
                                   Wilmington, DE 19806

Dated: March 20, 2006                   Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

TERRY L. SNYDER,                    )
                                    )
        Plaintiff,                  )        C.A. No. 04-970(JJF)
                                    )
            v.                      )
                                    )
CITISTEEL USA, INC.                 )
                                    )
                                    )
        Defendant.                  )
                        **NOTICE OF SERVICE**

        I, Lori A. Brewington, the undersigned Counsel for Plaintiff in the above-

captioned case, hereby certify that two (2) true and correct copies of the foregoing

***Plaintiff's Answers to Defendant's First Request for Production of Documents*** and

***Certificate of Service*** were sent via U.S. Mail postage pre-paid on March 20, 2006 to the

following:

Molly DiBianca, Esquire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0319


                                MARGOLIS EDELSTEIN


                                Jeffrey K. Martin, Esquire (#2407)
                                Lori A. Brewington, Esquire (#4522)
                                1509 Gilpin Avenue
                                Wilmington, DE 19806
                                (302) 777-4680
                                (302) 777-4682 fax
                                jmartin@margolisedelstein.com
        Dated:  March 20, 2006   Attorneys for Plaintiff

7

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

TERRY L. SNYDER,           )
                           )
      Plaintiff,           )        C.A. No. 04-970(JJF)
                           )
      v.                   )
                           )
CITISTEEL USA, INC.        )
                           )
                           )
      Defendant.           )

## CERTIFICATE OF SERVICE

I, Lori A. Brewington, do hereby certify that on March 20, 2006, I electronically

filed the attached Notice of Service with the Clerk of the Court using CM/ECF which

will send notification of such filing to the following:

Molly DiBianca, Esquire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0319


                              MARGOLIS EDELSTEIN


                              _____
                              Jeffrey K. Martin, Esquire (#2407)
                              Lori A. Brewington, Esquire (#4522)
                              1509 Gilpin Avenue
                              Wilmington, DE 19806
                              (302) 777-4680
                              (303) 777-4682 fax
                              jmartin@margolisedelstein.com
Dated:  March 20, 2006        Attorneys for Plaintiff


8

# EXHIBIT B

Snyder                          v.       Citi Steel, USA, Inc.
Snyder, Terry L.   C.A. # 04-970-JJF        May 31, 2006

Page 242

1        A.    It has been less than three years ago, and them

2    receipts are in exact order because they came from a

3    therapist due to CitiSteel, and that has been less than

4    three years.

5        Q.    But last year's tax returns you do not have?

6        A.    Not four years, that --

7        Q.    Tax returns?

8        A.    No.

9             MS. BREWINGTON:  Can we go off the record.

10            (Discussion off the record.)

11            MS. DIBIANCA:  We are going to agree that

12    defense will send plaintiff's counsel the proper form to

13    request the tax returns.

14            MS. BREWINGTON:  Yes.

15            MS. DIBIANCA:  And that if the receipt of

16    those tax returns is a long period of time and we would

17    need to redepose her, depose plaintiff, that would be

18    agreeable.

19            MS. BREWINGTON:  With respect to the taxes,

20    yes.

21            MS. DIBIANCA:  Yes.

22            MS. BREWINGTON:  Thank you.

23            MS. DIBIANCA:  However, if she does have the

24    taxes and we can save the effort of making those requests

# EXHIBIT C

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M POWELL

LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C KUFFEL

KAREN E. LANTZ
TIMOTHY E LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W POFF
SETH J. REIDENBERG
KRISTEN R. SALVATORE (PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S. C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
STUART B. YOUNG
EDWARD B MAXWELL, 2ND

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801
P O BOX 391
WILMINGTON, DELAWARE  19899-0391
(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P O BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338
WWW YOUNGCONAWAY COM

DIRECT DIAL: (302) 571-5008
DIRECT FAX:  (302) 576-3476
mdibianca@ycst com

June 5, 2006

BY EMAIL AND REGULAR MAIL

Lori Ann Brewington, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806

Re:    Snyder v. CitiSteel

Dear Lori:

During Ms. Snyder's deposition, she stated that she had the following documents in her possession which have not been produced:

1.    Documents regarding job searches, including but not limited to job search faxes and documents sent to, or received from, internet employment services such as CareerBuilders.com and Monster.com.

2.    Receipts from Cynthia Wright and other medical providers for the past 10 years.

3.    Paystubs from previous employers within the past 10 years, including but not limited to, American Flagging Company, Delaware Park, and Pyramid.

4.    Documents sent to, or received from schools and/or training institutes, including but not limited to Dawn Institute and American Driving Academy.

064633 1002

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Lori Ann Brewington, Esquire
June 5, 2006
Page 2

　　　　　Please have Ms. Snyder bring those documents with her to the deposition tomorrow.  In addition, we are requesting that Ms. Snyder produce the benefits package from The Skelly Group as soon as she receives it.

　　　　　This will also confirm that Ms. Snyder will execute IRS Form 4056, so that we can request copies of her income tax returns for the years 1998 to 2005.  Since the tax returns will most likely be received after the discovery cutoff, we have agreed to take Ms. Snyder's deposition regarding information obtained from her income tax returns after the discovery cutoff.

　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　Margaret M. DiBianca

MMD:y

064633 1002

# EXHIBIT D

Snyder                          v.      Citi Steel, USA, Inc.
Snyder, Terry L.    C.A. # 04-970-JJF        May 31, 2006

Page 96

1   freaked out on him --

2       Q.    When was that?

3       A.    Started in January.  I had enough.  He backed

4   away.  So it was like Mr. Ford was interacting with me

5   even more so.

6               Now, but please forgive me, as far as

7   inventory is concerned, Ford, I worked directly with

8   Carmella and Ford a lot on the inventory, from the get

9   go.  Mainly more so, you know, of course than Mr. Harris.

10      Q.    Okay.  And then before you went to CitiSteel

11  where did you work?

12      A.    Well, I always stayed certified as a flagger,

13  flagger for a construction company.  Excuse me.  I don't

14  recall.

15      Q.    The last job you had prior to CitiSteel?

16      A.    I don't recall.  No.

17      Q.    How about in the previous five years before

18  CitiSteel?

19      A.    Oh, a bank.

20      Q.    Okay.

21      A.    A bank.  April, I think.

22      Q.    That would have been April before you went to

23  CitiSteel?

24      A.    Yes.

Snyder                    v.    Citi Steel, USA, Inc.
Snyder, Terry L.    C.A. # 04-970-JJF        May 31, 2006

1    Q.    Do you know the name of the bank?

2    A.    No.

3    Q.    Any other places that you recall working prior to

4    CitiSteel?

5    A.    Oh, throughout my life?

6    Q.    No.  Just the past maybe five years.

7    A.    Delaware Park.  I worked at Delaware Park.

8    Q.    Doing what?

9    A.    I was -- the judges that judge the horse racing,

10    they are called the stewards.  I worked -- I was their

11    secretary.

12    Q.    Was that full-time work?

13    A.    Yes, ma'am.

14    Q.    Do you have any recollection as to when that

15    would have been?

16    A.    Actually, they called me on a Saturday morning,

17    it was May the 11th of '96, the day after my graduation

18    of the automated accounting.  Well, the graduation

19    ceremony may have been a little bit before, but it was --

20    something happened on May 10th.  It may have been that

21    graduation ceremony.

22            And I couldn't believe somebody called on a

23    Saturday to interview me, but, see, I wasn't aware, a

24    Saturday for the horses at Delaware Park is like a Monday

Snyder                    v.    Citi Steel, USA, Inc.
Snyder, Terry L.    C.A. # 04-970-JJF        May 31, 2006

Page 98

1    for the rest of society.  And they called me in for an

2    interview for that day.  And I went.

3              And I stayed there until -- did you want to

4    know this?

5        Q.    Yes, please.

6        A.    -- November of '98.

7        Q.    Why did you leave Delaware Park?

8              MS. BREWINGTON:  Objection, relevance.

9              MS. DIBIANCA:  There is no objection for

10   relevancy for depositions purposes, Lori.

11             MS. BREWINGTON:  We have to preserve the

12   record.

13             MS. DIBIANCA:  No, you don't.  If you want

14   me to pull the local rule, I'll be happy to do that.

15   There is no objection for relevancy in deposition

16   testimony.

17             MS. BREWINGTON:  I object.  Go ahead.  You

18   can certainly answer.

19             THE WITNESS:  Excuse me for saying.  One day

20   I was coming down the hall -- see, I could have came into

21   my office -- I work side by side with a secretary that

22   had been the judge's secretary for over 13 years.

23             Now, I could have came in this way

24   (indicating) where my door, my desk is right here at this

Snyder                        v.      Citi Steel, USA, Inc.
Snyder, Terry L.    C.A. # 04-970-JJF         May 31, 2006

Page 99

1    office.  Janet and I, we had two desks in our office, and

2    then our office connected to the stewards.

3                Well, I came in this way (indicating).  As I

4    was coming down the little corridor, Janet walked out of

5    the steward's office with a gold piece of paper.  And by

6    the time she came across, by the time I got down the

7    little corridor, the gold piece of paper was on my desk.

8                And I said, "What is this?"  And she said,

9    "I don't know, but it better not be a merit increase."

10   And I said, "What?"

11               And so I went to the director of finance,

12   Mr. John Rooney, and I said, "Would you please tell me

13   what this is?"  And he said, "Yes, I gave you a raise."

14               And I said, "Wait a minute," I said, "the

15   stewards haven't had a raise."  I said, "Janet is upset."

16   I said, "She hasn't had a raise in 13 years."  I said, "I

17   don't want the raise."

18               He said, "You got the raise.  You are going

19   to take it, and it is none of Janet's business and she

20   shouldn't have been snooping on your desk."

21               Janet kind of quit talking to me.  Things we

22   should have interacted with on a daily work basis, we had

23   to tend to the jockeys, the horse owners, the trainers

24   and so forth, and so, you know, slowly but surely, I

Snyder                      v.      Citi Steel, USA, Inc.
Snyder, Terry L.    C.A. # 04-970-JJF        May 31, 2006

1   just, I didn't want to be there anymore, basically.  They

2   were treating me different.  And I felt guilty for having

3   a raise and she didn't get one.  So...

4       Q.    Did you resign?

5       A.    Actually, no.

6       Q.    What happened?

7       A.    I slowly but surely quit going there.  I didn't

8   want to be there anymore.  So...

9       Q.    Like did you just stop going?

10      A.    I stopped going.  And then they officially

11  terminated me, yes.

12      Q.    Okay.  So when you said you didn't resign, you

13  mean you didn't give a resignation notice or something?

14      A.    No.

15      Q.    And then after that where did you go?

16      A.    I don't recall.

17      Q.    That would have been November 1998; is that what

18  you said?

19      A.    Yes.

20      Q.    That's the year that you had your car accident,

21  correct?

22      A.    I think it -- yes, I think may have -- it was in,

23  yes, it was in '98, I'm pretty sure.  And may have been

24  right after or right before, yes.

Wilcox & Fetzer, Ltd. Professional Court Reporters      (302)655-0477

Snyder                    v.      Citi Steel, USA, Inc.
Snyder, Terry L.    C.A. # 04-970-JJF        May 31, 2006

Page 101

1    Q.   Right before or right after what?

2    A.   Delaware Park.

3    Q.   Did it prevent you from working, the car

4    accident?

5    A.   Forgive me.  When I worked at Delaware Park, I

6    was driving one of my father's black Cadillacs.  When the

7    kids hit me, I then -- he gave me a blue Oldsmobile.  So

8    I actually still have the registration and stuff from the

9    Oldsmobile.  I could find out for you.

10             So give or take, as far as that last car

11   accident, which that should also be in my medical records

12   as well.  When that happened, when I was at Delaware Park

13   I had a black Cadillac.  When the kids hit me it totaled

14   my Oldsmobile.  So it was after Delaware Park,

15   definitely, because that's when I had the Oldsmobile.

16   Q.   Your car accident must have been in 1999?

17   A.   I'm pretty sure it was the end of '98.  I didn't

18   go long without a vehicle.  It could have been the

19   beginning of '99.  So forgive me for that.

20   Q.   That's fine.  No, that's fine.

21   A.   Yes.

22   Q.   So did the car accident prevent you from working?

23   A.   Well, I don't recall.  I know I was in pain, a

24   lot of pain for awhile, the very beginning.  Eventually

Wilcox & Fetzer, Ltd. Professional Court Reporters      (302)655-0477

Page 102

1    you learn to live with pain.

2        Q.    Was there ever a time that you didn't hold a job?

3        A.    That I did not?

4        Q.    Yes.

5        A.    What do you mean?

6        Q.    Did you not work?

7        A.    Sure.  In between.

8        Q.    I don't mean for a period of a week, but say a

9    period of more than a month.

10       A.    Yes.

11       Q.    When was that?

12       A.    Such as April to August, in between the bank and

13   CitiSteel.  Such as --

14       Q.    Go ahead.

15       A.    Such as that.

16       Q.    I thought you were going to say such as something

17   else and give another example.  But you definitely worked

18   after Delaware Park; is that correct?

19       A.    Yes.

20       Q.    Do you recall where that was, where your

21   employment was after Delaware Park?

22       A.    Bank.  I answered that.

23       Q.    Oh, I'm sorry.

24       A.    That's okay.

Snyder                          v.      Citi Steel, USA, Inc.
Snyder, Terry L.    C.A. # 04-970-JJF        May 31, 2006

1      Q.    When was the bank?

2      A.    After Delaware Park.

3      Q.    When?

4      A.    I don't recall.  It is on record too probably.

5   Right there.

6      Q.    I'm just asking you.  Did you go from --

7      A.    Well, I already answered that.

8      Q.    Could you repeat it again for me?

9      A.    Can't we look it up again like we did earlier?

10          MS. BREWINGTON:  I'm going to object on the

11   grounds of asked and answered.  You can go ahead.

12      Q.    I just want to clarify.  I understood that you

13   testified that you went to work at the bank prior to

14   CitiSteel.

15      A.    No.

16      Q.    That's incorrect.

17      A.    That's incorrect.

18      Q.    So correct me.

19      A.    Or -- yes, prior, before.

20      Q.    Yes.

21      A.    Can we look it up?

22      Q.    I would like you to just answer the question as

23   to what your sequence of employment is.

24      A.    The bank -- yes, but I think we should only ask a

Wilcox & Fetzer, Ltd.Professional Court Reporters      (302)655-0477

Snyder                         v.    Citi Steel, USA, Inc.
Snyder, Terry L.    C.A. # 04-970-JJF        May 31, 2006

```
                                                      Page 104
 1   question once and then --

 2       Q.   But it hasn't been answered.

 3       A.   Well, yes, it has, because it is on here.  So if

 4   you are remembering what I already told you, then it has

 5   been answered.  Yes, yes.  I'm assuming you are correct.

 6   So --

 7       Q.   I don't want to assume I'm correct.  I don't know

 8   what the answer is.

 9       A.   Well, if it is prior, you have already asked it

10   once, though.  That's how you already knew the answer to

11   it.

12       Q.   Ma'am, I'm going to ask you on the record to

13   please --

14       A.   Which you already did, yes, prior.

15       Q.   I'm going to ask you on the record to please

16   state for me your employment history.

17       A.   I do not remember.  Bank prior.  No.  Prior to --

18   prior to CitiSteel, after Delaware Park.  That's what I

19   was --

20       Q.   That makes sense.  That is what I called

21   employment history.  Delaware Park, which we established

22   you left November 1998.  Is that correct?

23       A.   Yes.

24       Q.   You started in CitiSteel in August of 2001.  Is
```

Snyder                          v.     Citi Steel, USA, Inc.
Snyder, Terry L.    C.A. # 04-970-JJF        May 31, 2006

Page 105

1    that correct?

2        A.    Yes.

3        Q.    And the bank was in between?

4        A.    Yes.

5        Q.    The bank's name you do not recall; is that

6    correct?

7        A.    Yes.

8        Q.    So you worked at the bank for over two years; is

9    that correct?

10       A.    I do not recall.

11       Q.    You do not recall where you worked?

12       A.    No, no.

13       Q.    Is there any reason why you would not recall

14   where you worked for a period of two years?

15       A.    But you are more than welcome to look it up.

16       Q.    I'm asking you.

17       A.    I don't remember.  I was not there for two years,

18   though, no.

19       Q.    Okay.  Where else were you other than there, the

20   bank, for two years?

21       A.    Nowhere.  I don't --

22       Q.    You didn't work?

23       A.    I don't think so.  I am not sure.

24             Well, there was two banks I actually worked

Wilcox & Fetzer, Ltd. Professional Court Reporters      (302)655-0477

Snyder                              v.      Citi Steel, USA, Inc.
Snyder, Terry L.    C.A. # 04-970-JJF          May 31, 2006

1    at.

2        Q.    During the same period?

3        A.    Yeah.  Yes.

4        Q.    What was your salary when you started full-time

5    at CitiSteel?

6        A.    Well, I actually lowered it by a couple cents,

7    not realizing.  When I started the temp service I think I

8    started at 12 or 12 something, and once I became an

9    official employee, they asked me what I wanted, and I, I

10   don't know how or why I did that, and I said 11.50, and

11   I'm pretty sure that that is what they started me at, was

12   11.50.

13       Q.    That was an hourly rate?

14       A.    Yes, ma'am.

15       Q.    Who interviewed you for the job?  Was it someone

16   at Bernard or someone at CitiSteel?

17       A.    Well, I was registered with Bernard, and Mike --

18   I do not recall his last name, but he used to run the

19   little HR building where Jim Ryan's office was.

20   McConnahan, maybe something like that.  Unless there is

21   another McConnahan up there and that just popped into my

22   head.  He did, he gave me some tests.

23              Because a lot of people use Excel nowadays,

24   which I know Lotus and Excel.  So that was part of

Wilcox & Fetzer, Ltd. Professional Court Reporters    (302)655-0477

# EXHIBIT E

Snyder                          v.      Citi Steel, USA, Inc.
Snyder, Terry L.    C.A. # 04-970-JJF          May 31, 2006

Page 177

1     A.    Yes.

2     Q.    Okay.

3     A.    Forgive me.

4     Q.    That's okay.  Then the next employer you listed

5     is First USA.  So would that have been the second bank

6     that you mentioned?

7     A.    Yes.

8     Q.    And then Delaware Park is also listed on here,

9     which you did mention previously.

10    A.    Yes.

11          (Discussion off the record.)

12    Q.    So Delaware Park Racetrack, you had mentioned

13    that earlier, and your last date of employment there is

14    listed as November 1998, which you did testify to

15    earlier.  But then First USA it says you started in April

16    2001 until August of 2001.  Is that what it says here?

17    A.    Yes.  I had taken a -- it was located on almost

18    Greenhill and 4th Street.  I had taken a class there as

19    well, and they actually got me offered -- First USA

20    offered us students interviews, and as soon as my class

21    was over I started immediately with First USA.  I

22    remember that, yes.

23    Q.    You were unemployed from 1998 to 2001, November

24    1998?

Snyder                        v.     Citi Steel, USA, Inc.
Snyder, Terry L.    C.A. # 04-970-JJF       May 31, 2006

Page 178

1      A.   Well, no.  I don't know what I did, but, no, I

2   wasn't just completely unemployed, no.  I do not recall.

3            I know I took a class in the beginning of

4   2001, because that school --

5      Q.   What is the school's name?

6      A.   I do not recall.

7      Q.   What was the program for?

8      A.   CP -- I think the school is still there.  It is

9   actually, it is at the very end of 4th Street on the

10  left.  The next road down intercepts with Greenhill, I

11  think.  It was letters, the name of the school was

12  actually letters.

13     Q.   How long was the program?

14     A.   A couple months.

15     Q.   And you don't know what kind of class you took?

16     A.   No.  It was a mixture of stuff.  At one point

17  they even -- at one point they wanted to, which I already

18  knew, I had plenty of business attire, but for some

19  people who had never applied for an interview and so

20  forth, they, you know, would show people how to sit and

21  behave even during the interview.

22            Please forgive me.  I can't remember

23  anything about it.  But I remember that that school got

24  me an interview with First USA.

# EXHIBIT F

**Agostini, Betty**

| | |
|---|---|
| **From:** | Lori Brewington [lbrewington@margolisedelstein.com] |
| **Sent:** | Tuesday, September 19, 2006 3:52 PM |
| **To:** | DiBianca, Margaret |
| **Subject:** | RE: Terry Snyder's deposition |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

Molly,
Terry Snyder is ill and will not be able to attend her deposition scheduled for tomorrow. Additionally, I had planned to meet with her this afternoon to review the tapes and to have her sign the verification form but unfortunately, she was not able to come in. I am in the process of preparing for a trial and writing a brief that is due next week. We may have to reschedule her deposition for the second week in October.
Your thoughts?

Lori

Lori A. Brewington, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806
(302)777-4680
(302)777-4682 fax

>>> "DiBianca, Margaret" <mdibianca@ycst.com> 9/18/2006 10:38:56 AM
>>>
I had still planned on it. Will you be providing any more discovery responses prior to then?


Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-5008
Facsimile: 302-576-3476
mdibianca@ycst.com

THIS MESSAGE MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS OR OTHER PROTECTED INFORMATION.  IF YOU BELIEVE YOU ARE NOT AN INTENDED RECIPIENT (EVEN IF THIS MESSAGE WAS SENT TO YOUR E-MAIL ADDRESS), YOU MAY NOT USE, COPY, OR RETRANSMIT IT.  IF YOU BELIEVE YOU RECEIVED THIS MESSAGE BY MISTAKE, PLEASE NOTIFY US BY RETURN E-MAIL, AND THEN DELETE THIS MESSAGE.  THANK YOU FOR YOUR COOPERATION.

-----Original Message-----
From: Lori Brewington [mailto:lbrewington@margolisedelstein.com]
Sent: Monday, September 18, 2006 10:23 AM
To: DiBianca, Margaret
Subject: Terry Snyder's deposition

Molly,
Are we still on for Terry Snyder's deposition on Wednesday, Sept. 20 at 1:00 p.m. Please advise. Thanks.

Lori


Lori A. Brewington, Esquire

# EXHIBIT G

**Agostini, Betty**

---

**From:**       Lori Brewington [lbrewington@margolisedelstein.com]
**Sent:**       Monday, September 25, 2006 10:25 AM
**To:**         DiBianca, Margaret
**Subject:**    RE: #5525860, v1 <DB02> - [Disc.] (MDIBI toBrewington)Ltr.rediscovery   - WorkSite Acrobat
                Integr

Molly,
Tim has graciously agreed to attend!!! I'm so excited. He'd like to start the deposition
at 9:00am. Thanks.

Lori

Lori A. Brewington, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806
(302)777-4680
(302)777-4682 fax

>>> "DiBianca, Margaret" <mdibianca@ycst.com> 9/25/2006 10:16:45 AM
>>>
Wednesday would be best for me.  I expect it to take a half day.


Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-5008
Facsimile: 302-576-3476
mdibianca@ycst.com

THIS MESSAGE MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS OR OTHER PROTECTED
INFORMATION.  IF YOU BELIEVE YOU ARE NOT AN INTENDED RECIPIENT (EVEN IF THIS MESSAGE WAS
SENT TO YOUR E-MAIL ADDRESS), YOU MAY NOT USE, COPY, OR RETRANSMIT IT.  IF YOU BELIEVE YOU
RECEIVED THIS MESSAGE BY MISTAKE, PLEASE NOTIFY US BY RETURN E-MAIL, AND THEN DELETE THIS
MESSAGE.  THANK YOU FOR YOUR COOPERATION.

-----Original Message-----
From: Lori Brewington [mailto:lbrewington@margolisedelstein.com]
Sent: Monday, September 25, 2006 10:15 AM
To: DiBianca, Margaret
Subject: RE: #5525860, v1 <DB02> - [Disc.] (MDIBI to Brewington)Ltr.rediscovery - WorkSite
Acrobat Integr

Molly,
How long will this deposition take? I'm trying to get Tim Wilson to attend. It looks like
he's available Wednesday or Friday.

Lori

Lori A. Brewington, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806
(302)777-4680
(302)777-4682 fax

>>> "DiBianca, Margaret" <mdibianca@ycst.com> 9/25/2006 9:59:44 AM >>>
Lori,

1

We really need to discuss this.  You are leaving me with only 4 weeks before the SJ
opening brief is due.  There is no one from your office available until October 9?

~Molly


Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-5008
Facsimile: 302-576-3476
mdibianca@ycst.com

THIS MESSAGE MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS OR OTHER PROTECTED
INFORMATION.  IF YOU BELIEVE YOU ARE NOT AN INTENDED RECIPIENT (EVEN IF THIS MESSAGE WAS
SENT TO YOUR E-MAIL ADDRESS), YOU MAY NOT USE, COPY, OR RETRANSMIT IT.  IF YOU BELIEVE YOU
RECEIVED THIS MESSAGE BY MISTAKE, PLEASE NOTIFY US BY RETURN E-MAIL, AND THEN DELETE THIS
MESSAGE.  THANK YOU FOR YOUR COOPERATION.

-----Original Message-----
From: Lori Brewington [mailto:lbrewington@margolisedelstein.com]
Sent: Monday, September 25, 2006 9:56 AM
To: DiBianca, Margaret
Subject: RE: #5525860, v1 <DB02> - [Disc.] (MDIBI to Brewington) Ltr.rediscovery -
WorkSite Acrobat Integr

Molly,
I can't seem to find coverage for the deposition. Could you provide some available dates
after October 9?

Lori

Lori A. Brewington, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806
(302)777-4680
(302)777-4682 fax

>>> "DiBianca, Margaret" <mdibianca@ycst.com> 9/25/2006 9:51:08 AM >>>
Thanks, I'll make that correction now.  Any word on the rescheduled dep?


Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-5008
Facsimile: 302-576-3476
mdibianca@ycst.com

THIS MESSAGE MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS OR OTHER PROTECTED
INFORMATION.  IF YOU BELIEVE YOU ARE NOT AN INTENDED RECIPIENT (EVEN IF THIS MESSAGE WAS
SENT TO YOUR E-MAIL ADDRESS), YOU MAY NOT USE, COPY, OR RETRANSMIT IT.  IF YOU BELIEVE YOU
RECEIVED THIS MESSAGE BY MISTAKE, PLEASE NOTIFY US BY RETURN E-MAIL, AND THEN DELETE THIS
MESSAGE.  THANK YOU FOR YOUR COOPERATION.

-----Original Message-----
From: Lori Brewington [mailto:lbrewington@margolisedelstein.com]
Sent: Monday, September 25, 2006 9:49 AM

# EXHIBIT H

## YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J. A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801

P.O. BOX 391
WILMINGTON, DELAWARE  19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

———

110 WEST PINE STREET
P O BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL:  302-571-5008
DIRECT FAX:   302-576-3476
mdibianca@ycst.com

LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ

TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
KRISTEN R. SALVATORE (PA ONLY)
MICHELE SHERRETTA
MONTE T. SQUIRE
MICHAEL P. STAFFORD
CHAD S C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

September 27, 2006

**BY E-MAIL & U.S. MAIL**

Lori A. Brewington, Esq.
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, Delaware  19806

      Re:    Snyder v. CitiSteel

Dear Lori:

      Per our telephone discussion this morning, Plaintiff's deposition will be re-noticed for Friday, September 29, 2006, beginning at 9:00 a.m., to be held in the offices of YCS&T.

      I am sure that it goes without saying that this morning's last minute cancellation of Ms. Snyder's deposition, five minutes prior to the scheduled starting time, has caused Defendant serious concern.  As you know, this is the second time in less than two weeks that Ms. Snyder has become unavailable for a properly noticed deposition.  She had been properly noticed for her deposition on September 20, 2006, as well, but that was cancelled at 4:00 p.m. on the eve of the deposition.

      On Friday, Ms. Snyder will be expected to bring with her to the deposition a copy of a signed copy of the Release required by Dr. Privette's office.  If she does not bring the Release, I will provide her with a copy and will expect her to execute it prior to any testimony.

      Hopefully, this will enable us to forward the Release to Dr. Privette's office and ask for an expedited return of the documents.  If we receive the records prior to the end of the

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Lori A. Brewington, Esq.
September 27, 2006
Page 2

deposition and, assuming the documents are of a reasonable number, I will review them during a break and proffer any questions I may have about them during the same deposition.

If, however, we are unable to obtain the records on Friday while the deposition is ongoing or if, for some reason, the records cannot be reviewed during a break, Defendant reserves the right to re-call Ms. Snyder for another deposition, limited to the information arising from such records. If, of course, you are able to provide the executed release prior to Friday, I will make every effort to obtain the records in time to prevent the necessity of having to recall your client for another day of testimony. Although we agreed to this method this morning via telephone, please inform me immediately of any objections you should have.

We also agreed this morning that Ms. Snyder has completed her review of the tape transcripts and you expect to meet with her to discuss them on Friday afternoon, following her deposition, as well as to have her sign the outstanding Verification form absent from Plaintiff's Responses to Defendant's Second Set of Interrogatories. Based on our conversation, then, I will expect both the transcript edits and the signed Verification by the end of the day on Friday.

Should Ms. Snyder be unwilling to execute the Release or, in any other way, fail to cooperate during the deposition or otherwise, Defendant stands fully prepared to move the Court to dismiss her claims pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedures, as well as to issue an Order awarding Defendant costs and fees for its time and expense caused by Ms. Snyder.

Please contact me with any changes or concerns.

Sincerely,

Margaret M. DiBianca

MMD:y

# EXHIBIT I

**Agostini, Betty**

| | |
|---|---|
| **From:** | Renee Taylor [rtaylor@margolisedelstein.com] |
| **Sent:** | Thursday, September 28, 2006 3:06 PM |
| **To:** | DiBianca, Margaret |
| **Subject:** | Snyder v. CitiSteel |

We have spoken to Terri Snyder. The deposition scheduled for tomorrow is
on.

Thank you,

Renee

# EXHIBIT J

**Agostini, Betty**

| | |
|---|---|
| **From:** | Timothy Wilson [twilson@margolisedelstein.com] |
| **Sent:** | Monday, October 02, 2006 10:25 AM |
| **To:** | DiBianca, Margaret |
| **Cc:** | Lori Brewington |
| **Subject:** | Re: Snyder v. CitiSteel |

Molly,
I just talked to her. She is going to the doctor today and he is going to runs some tests on her. She still is not feeling well. I told her to talk to her doctor today to get his opinion on whether she'll be able to proceed this week. She will contact me today or early tomorrow and I'll get back to you on. She told me to express her deepest apologies to you.

Tim

Timothy J. Wilson, Esq.
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 777-4680
FAX: (302) 777-4682
Email: twilson@margolisedelstein.com

This Email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. The Information contained herein is confidential, is subject to the attorney-client privilege, may constitute inside information, and is intended only for the use of the addressee. It is the property of Margolis Edelstein. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify Margolis Edelstein immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.

>>> "DiBianca, Margaret" <mdibianca@ycst.com> 09/29 5:58 PM >>>
Tim (or Lori),

Were you able to reach Ms. Snyder today re: rescheduling her deposition?


Thank you,

Molly

Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-5008
Facsimile: 302-576-3476
mdibianca@ycst.com

THIS MESSAGE MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS OR OTHER PROTECTED INFORMATION. IF YOU BELIEVE YOU ARE NOT AN INTENDED RECIPIENT (EVEN IF THIS MESSAGE WAS SENT TO YOUR E-MAIL ADDRESS), YOU MAY NOT USE, COPY, OR RETRANSMIT IT. IF YOU BELIEVE YOU RECEIVED THIS MESSAGE BY MISTAKE, PLEASE NOTIFY US BY RETURN E-MAIL, AND THEN DELETE THIS MESSAGE. THANK YOU FOR YOUR COOPERATION.

# EXHIBIT K

**DiBianca, Margaret**

| | |
|---|---|
| **From:** | DiBianca, Margaret |
| **Sent:** | Thursday, October 05, 2006 12:07 PM |
| **To:** | 'Lori Brewington' |
| **Subject:** | RE: Terry Snyder deposition |

Lori,

What is the status of the following:  Kalstein release, the transcripts, and the documentation for her cancellations last week?

My first available dates are the 16th and 17th.


Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-5008
Facsimile: 302-576-3476
mdibianca@ycst.com

THIS MESSAGE MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS OR OTHER PROTECTED INFORMATION.  IF YOU BELIEVE YOU ARE NOT AN INTENDED RECIPIENT (EVEN IF THIS MESSAGE WAS SENT TO YOUR E-MAIL ADDRESS), YOU MAY NOT USE, COPY, OR RETRANSMIT IT.  IF YOU BELIEVE YOU RECEIVED THIS MESSAGE BY MISTAKE, PLEASE NOTIFY US BY RETURN E-MAIL, AND THEN DELETE THIS MESSAGE.  THANK YOU FOR YOUR COOPERATION.

-----Original Message-----
From: Lori Brewington [mailto:lbrewington@margolisedelstein.com]
Sent: Thursday, October 05, 2006 11:37 AM
To: DiBianca, Margaret
Subject: Terry Snyder deposition

Molly,
I apologize for the delay. I have been in trial this week. Terry is available for depo #3 on October 10, 11 or 13. How's your availability?

Lori

Lori A. Brewington, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806
(302)777-4680
(302)777-4682 fax

# EXHIBIT L

Snyder
Terry L. Snyder, Volume 3

v.
C.A. # 04-970 (JJF)

CitiSteel, USA, Inc.
October 16, 2006

Page 310

```
 1    today is for the last -- we've had a few cancellations
 2    for today.  Were you able to go to the doctor for any
 3    of those cancellations?
 4      A.    What does that mean?
 5      Q.    Did you -- when you canceled the last
 6    deposition --
 7      A.    Oh, yes.  I apologize.  Yes, yes.
 8      Q.    You did go to the doctor's?
 9      A.    Oh, yes.
10      Q.    When did you go to the doctor's?
11      A.    It was on a Monday.  I was going to go to the
12    Emergency Room.  Well, I asked my cousin that I do
13    everything for.  I do anything for anybody.  She never
14    showed up.  She was going to drive me because I was
15    scared to drive.  I couldn't drive.  And I was going
16    to go to the Emergency Room.  And actually the more I
17    thought about it, I was glad she didn't show up
18    because I probably wouldn't have survived in an
19    Emergency Room.  I don't know if you hear me over here
20    moaning and groaning and just, you know, my whole head
21    neck and head is hot.  I think you can see it in my
22    face.  You know how you don't feel good it comes out
23    of you.  I don't feel good now, either.  They were
24    really bad.  I didn't want to move my jaw.  I went in
```

Snyder
Terry L. Snyder, Volume 3

v.
C.A. # 04-970 (JJF)

CitiSteel, USA, Inc.
October 16, 2006

Page 311

1    the doctor's office.  I drove myself on, it was a

2    Monday, I guess it was.  Whatever date that was.

3        Q.   I don't know the date either.  Was that

4    Dr. Goodman's office?

5        A.   It was his office.  But I -- I wanted -- he

6    wasn't in.  I wanted to see any doctor.  Or did I go

7    on that Saturday?  No.  I seen Christine something.

8    She works with him.  She's one of the doctors in his

9    office.

10       Q.   Okay.  Did she give you any medicine or

11   prescription?

12       A.   Yeah.

13       Q.   What did she give you?

14       A.   She said that she thinks that I could be

15   getting them from sinus, you know, maybe some type of

16   sinus infection --

17       Q.   Okay.

18       A.   -- or allergies.  She gave me nose spray and

19   Claritin D, which I just took another one today and I

20   just felt ... see anything working.  She didn't X-ray

21   my head.  That's what I actually wanted, you know.

22            MS. DiBIANCA:  That's all I have.  We're

23   done for today.

24            (Deposition concluded at 12:04 p.m.)

# EXHIBIT M

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

MARGARET M. DiBIANCA
DIRECT DIAL: 302-571-5008
DIRECT FAX: 302-576-3476
mdibianca@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P O BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

October 16, 2006

**VIA UNITED STATES MAIL**

Lori A. Brewington Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806

Re:    Snyder v. CitiSteel USA Inc., C.A. No. 04-970-JJF

Dear Ms. Brewington:

Enclosed please find the two invoices from Wilcox & Fetzer reflecting the cancellation charges incurred for Ms. Snyder's cancelled depositions on September 27 and September 29, 2006. Young Conaway Stargatt & Taylor, LLP has remitted payment in the full amount to Wilcox & Fetzer. Please tender payment made out to our office and forward to my attention.

Thank you in advance for your prompt attention to this matter.

Sincerely,

Margaret M. DiBianca

MMD:y
Enclosures

DB02:5560261 1

064633 1002



# Wilcox & Fetzer, LTD.

*Registered Professional Reporters*
*1330 King Street*
*Wilmington, DE  19801*
*(302) 655-0477  Fax: 655-0497*
*FTID# 51-0318885*

Margaret M. DiBianca, Esquire
Young, Conaway, Stargatt & Taylor
Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

October  2, 2006

**Invoice#** 20063839

**Balance:**    $205.00

**Re:** Snyder v. CitiSteele, USA Inc.
04-970
*on 09/29/06 by* Julie Parrack

## Invoicing Information

| Charge Description | Amount |
|---|---|
| DEPOSITION OF: Terry Snyder | |
| WAITING TIME/CANCELLATION FEE | 205.00 |

(2nd Cancellation = $150.00; 1/2 hr. waiting time = $55.00)

**P l e a s e   R e m i t   - - - >   Total Due:    $205.00**

*Please make checks payable to Wilcox & Fetzer, LTD*
*Terms Net 30 Days*



# Wilcox & Fetzer, LTD.

*Registered Professional Reporters*
*1330 King Street*
*Wilmington, DE  19801*
*(302) 655-0477  Fax: 655-0497*
*FTID# 51-0318885*

Margaret M. DiBianca, Esquire
Young, Conaway, Stargatt & Taylor
Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

October  2, 2006

**Invoice#** 20063840

**Balance:**   $75.00

**Re:** Snyder v. Citisteel
04-970
*on* 09/27/06 *by* Eleanor Schwandt

## *Invoicing Information*

| Charge Description | Amount |
|---|---|
| DEPOSITION OF: Terry Snyder | |
| CANCELLATION FEE | 75.00 |

**P l e a s e   R e m i t   - - - >   Total Due:    $75.00**

*Please make checks payable to Wilcox & Fetzer, LTD*
*Terms Net 30 Days*

# EXHIBIT N

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

MARGARET M. DIBIANCA, ESQ.
DIRECT DIAL:   (302) 571-5008
DIRECT FAX:    (302) 576-3476
mdibianca@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

November 1, 2006

**BY FACSIMILE & U.S. MAIL**

Lori A. Brewington Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806

    Re:  <u>Terri L. Snyder v. CitiSteel U.S.A., Inc.</u>

Dear Ms. Brewington:

    I again write to you regarding several outstanding issues in the above-referenced matter. On October 16, I forwarded copies of two invoices from Wilcox & Fetzer. These invoices were for cancellation fees charged for Ms. Snyder's two last-minute cancellations for depositions on September 27, 2006 and September 29, 2006. You previously agreed that your office would pay these costs. My office has paid the invoices but have not received reimbursement from Margolis Edelstien.

    Defendant also waits to receive Plaintiff's responses to the most recent interrogatories in which Plaintiff was asked to identify the reason for separation from each employer subsequent to her employment at CitiSteel. My most recent request for this information was via letter on October 19, 2006, to which I have received no response.

    Finally, as you know, Defendant still awaits Plaintiff's edits to the transcriptions of the tapes. I initially forwarded the transcripts to your office on August 15, 2006. Now, two and half months later, there has still been no response. In late September you assured me that you would produce the transcripts no later than October 6, 2006. Then, on October 5, 2006, you said that you would check the status of the transcripts. At Ms. Snyder's deposition on October 16, 2006, she personally assured me that she would review the transcripts without delay.

    Please advise me of your intent regarding these issues. I will expect payment of the invoices on or before Wednesday, November 8, 2006.

        Sincerely,

        Margaret M. DiBianca, Esq.

064633.1002