IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TERRY L. SNYDER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-970(JJF) |
| | ) | |
| v. | ) | |
| | ) | |
| CITISTEEL USA, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR COSTS AND SANCTIONS

Plaintiff Terry Snyder, by and through her undersigned counsel, hereby responds in opposition to Defendant's Motion for Costs and Sanctions associated with Plaintiff's failure to appear for two depositions due to illness, and in support thereof, states the following:

1. Defendant's Motion for Costs and Sanctions concerns reimbursement for $280.00 in court reporter's fees for two deposition cancellations by Plaintiff that occurred within the same week due to continued illness. The first deposition was properly noticed by the Defendant and was scheduled for Wednesday, September 27, 2006. Plaintiff left a voicemail message for undersigned counsel before business hours on September 27, 2006 to advise that she was unable to attend her deposition because of a migraine headache. Shortly thereafter, undersigned counsel telephoned Defendant's counsel to advise that Plaintiff would not be able to attend the deposition because of a migraine headache.

2. On Thursday, September 28, 2006, undersigned counsel notified Defendant's counsel that Plaintiff would be available for her deposition on Friday, September 29, 2006 (Def's Ex. I). However, before business hours on Friday, Plaintiff left a voicemail again explaining that she was suffering from another migraine headache and that she would be unable to attend her deposition. Thereafter, undersigned counsel notified Defendant's counsel that she would be

1

unable to attend because of continued migraines.

3. Defendant's counsel informed undersigned counsel that Plaintiff would be responsible for the court reporter's costs for the two missed depositions. Undersigned counsel requested that the bill be forwarded to undersigned counsel's office and informed Defendant's counsel that it would then be forwarded to the Plaintiff for payment.

4. Plaintiff is currently taking Naproxen, Alprazolam, and Lyrica; all of which identify headaches as a possible side effect. (Exhibit A). Defendant has subpoenaed Plaintiff's medical/prescription records and therefore, Defendant had notice that a possible side effect of her many medications was headaches. Further, Plaintiff eventually sought medical treatment for her persistent headaches with her primary care physician, Dr. Goodman. Plaintiff recently obtained a copy of Dr. Goodman's records of October 2, 2006 which indicate, in part, that Plaintiff had been having headaches for some time. Dr. Goodman's records also indicate that Plaintiff has a history of disc herniation in neck and back. "Plaintiff's pain changes all the time, sometimes pain is in back of head, sometimes across forehead, Sometimes behind eye…" (Exhibit B).

5. As soon as Plaintiff recovered from her migraine headaches and the parties were able to coordinate a date for her deposition, Plaintiff attended the rescheduled deposition on October 17, 2006.

6. Defendant's counsel forwarded a copy of the court reporter's bill in the amount of $280.00 on or about October 16, 2006. Defendant's counsel explained that her firm had paid the bill and that Defendant's counsel's firm was seeking reimbursement in the amount of $280.00.

7. Defendant's counsel is fully aware that Plaintiff is indigent and not currently employed and therefore, has no income. Thus, it was more than evident to Defendant that it may take Plaintiff some reasonable period of time to reimburse Defendant's counsel's law firm for the cancelled deposition fees.

8. Plaintiff was able to borrow the money from a relative and payment was made to

the firm of Young Conaway Stargatt & Taylor in the amount of $280.00 on December 7, 2006 for the depositions Plaintiff had to cancel due to illness. (See Exhibit C).

9. Federal Rule of Civil Procedure 37 (d) provides for sanctions if a party fails to appear for a properly noticed deposition unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. Haraway v. NASCAR, C.A. No. 98-522-KAJ, 2003 U.S. Dist. LEXIS 3460, at *13 (D. Del. Jan. 28, 2003). In the instant case, Plaintiff was clearly suffering from a series of debilitating migraine headaches the week of her scheduled depositions and was unable to attend due to illness. Moreover, Plaintiff has since paid the cancellation fees. What is more, Plaintiff is indigent and was not acting in bad faith by her delay in payment. Thus, a hardship expense of $560.00 for a minor delay in payment is unjust.

10. Defendant's counsel did *not* contact undersigned counsel to inform undersigned counsel that she intended to file a motion for sanctions for the unpaid cancellation fees prior to filing this motion. This would have constituted *a reasonable effort* to resolve the matters set forth in the Motion for Sanctions pursuant to Rule 7.1.1. Had Defendant's counsel done so, undersigned counsel would have had an opportunity to confer with her client and Plaintiff would have made *every* effort to obtain the cancellation fees *before* being sanctioned.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's Motion for attorneys' fees incurred in connection with the cancelled depositions and the Defendant's preparation of its Motion.

          MARGOLIS EDELSTEIN

          /s/ Lori A. Brewington
          Jeffrey K. Martin, Esquire (#2407)
          Lori A. Brewington, Esquire (#4522)
          1509 Gilpin Avenue
          Wilmington, Delaware 19806
          (302) 777-4680 Phone
          Attorneys for Plaintiff

December 13, 2006