EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TERRY L. SNYDER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-970(JJF) |
| | ) | |
| v. | ) | |
| | ) | |
| CITISTEEL USA, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RULE 26(a) PRE-DISCOVERY DISCLOSURES

Plaintiff, Terry L. Snyder, by and through her undersigned attorneys, hereby exchanges the following Pre-Discovery Disclosures, pursuant to Fed. R. Civ. P. 26(a)(1).

## RESERVATIONS

1.    Plaintiff's Initial Disclosures are made without waiver of, or prejudice to, any objections Plaintiff may have.  Plaintiff expressly reserves all objections, including, but not limited to: (a) relevance; (b) attorney-client privilege; (c) work-product protection; (d) any other applicable privilege or protection under federal or state law; (e) undue burden; (f) materiality; (g) overbreadth; (h) the admissibility in evidence of these Initial Disclosures of the subject matter thereof; and (i) producing documents containing information disclosed or transmitted to any state or federal agency, to the extent such information is confidential and not required to be disclosed under applicable law.  All objections are expressly preserved, as is Plaintiffs right to move for a protective order. Plaintiff reserves the right to retract any inadvertent disclosures of information or documents that are protected by the attorney-client privilege, the work product doctrine or any other applicable protection.

2.     Plaintiff has not completed her investigation of this case and reserves the right to clarify, amend, modify, or supplement the information contained in these Initial Disclosures if and when it obtains supplemental information, to the extent required by the Federal Rules of Civil Procedure.

3.     Plaintiffs Initial Disclosures are made subject to and without limiting any of the foregoing.

## INITIAL DISCLOSURES

I.     The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information.

## ANSWER:

1. Plaintiff Terry L. Snyder who can be contacted through her attorneys Jeffrey K. Martin or Lori A. Brewington, Margolis Edelstein, 1509 Gilpin Avenue, Wilmington, Delaware 19806, 302-777-4680.

2. Randolph Harris, Plaintiff's General Supervisor, Citi Steel.

3. Dennis Ford, Plaintiff's General Supervisor, Citi Steel.

4. Greg Buragino, Vice President, Citi Steel

5. Jerry Downie, Director of Human Resources, Citi Steel

6. Carmella Patrone, co-worker Citi Steel

7. Judy Stephenson, secretary, Citi Steel

8. Dr. Goodman, therapist who treated Plaintiff.

II.     A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

**ANSWER:**

1. Copy of Citi Steel USA's general policy manual

2. Various Emails to employees of Citi Steel.

3. Copy of Complaint Plaintiff lodged against Citi Steel regarding her harassment.

4. Complaint filed with Citi Steel on April 8, 2003

5. Plaintiff's personal planner

6. Copy of Plaintiff's own employment records, including various employee detail reports, daily checklist and description of job duties.

7. Memorandum from Greg Buragino to Plaintiff dated March 3, 2002 re: Unacceptable Attendance and Work Performance

8. Various tapes containing conversations between Plaintiff and employees of Defendant.

9. Various documents from the State of Delaware, Department of Labor

III.     A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**ANSWER:**

To be provided at a later date.

IV.     For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**ANSWER:**

Not applicable.

MARGOLIS EDELSTEIN

Jeffrey K. Martin, Esquire (#2407)
Lori A. Brewington, Esquire (#4522)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680
(302) 777-4682 fax
jmartin@margolisedelstein.com
lbrewington@margolisedelstein.com
Attorneys for Plaintiff

Dated:  January 16, 2006

EXHIBIT 2

Terry Snyder

Page 352

1    A.    Yes.

2    Q.    And then the second tape is what?

3    A.    Jerry Downie.

4    Q.    Do you know the time frame for that?

5    A.    April.

6    Q.    April 2003?

7    A.    Yes, ma'am.

8    Q.    What on that list or what on that tape, rather,

9    supports your claims?

10   A.    Of Jerry Downie trying to make me move?

11   Q.    I don't know.  Is that what the conversation is?

12   A.    Yes.

13   Q.    Is this the April 10th meeting?

14   A.    Giving me an ultimatum.  Yes.

15   Q.    So this is the one we talked about before?

16   A.    Yes.

17   Q.    Prior, today?

18   A.    Yes.

19   Q.    Where he asked you to turn it off and you did for

20   a moment and then turned it back on?

21   A.    Yes.

22   Q.    Okay.  Unless there is something you want to add,

23   I feel like we have covered that meeting enough.

24   A.    Mm-hmm, yes.

1    Q.   And then the third tape or third conversation,
2    when did that take place?
3    A.   That was also Jerry Downie.
4    Q.   When was it?
5    A.   I think it was the same day.
6    Q.   Was that in the same meeting, on the 10th?
7    A.   Yes.  I think so, yes.
8    Q.   So the only taped conversation that you have of
9    Mr. Harris is one in January 2003; is that correct?
10   A.   Yes.
11   Q.   And the EEOC heard that tape?
12   A.   Yes.
13   Q.   What was Miss Wjasow's response?
14   A.   Whatever, she was just appalled at listening to
15   them.  That's what she said to me.  She said, "This is
16   appalling."
17   Q.   Okay.
18   A.   But then --
19   Q.   Did you have something else?  I'm sorry.
20   A.   When, then it states -- never mind.  It is
21   totally irrelevant to your question.
22   Q.   Okay.
23   A.   I'm going to try to do what I'm supposed to do.
24   Q.   Do you remember what the EEOC's finding was in

Terry Snyder

Page 354

1    your charge of discrimination?

2        A.    That Mr. Harris behaved unappropriately and

3    unprofessionally, which I asked not only myself but

4    everyone else in the world, what is the difference, tell

5    me the difference when you sexually harass somebody, that

6    is unprofessional and unappropriate.  And then they gave

7    me the right to sue letter.

8        Q.    So did they conclude that although he had behaved

9    inappropriately and unprofessionally that there was no

10   sexual harassment?

11       A.    I don't know who felt -- I guess.  I don't know

12   what they felt.  I know what I felt.

13       Q.    Do you recall what the finding was?

14       A.    I remember those words.  Show me something that

15   helps trigger, trigger me.  We have teamed up here.  Show

16   me something.

17       Q.    Do you recall what the official finding was by

18   the EEOC?

19              MS. BREWINGTON:  Objection, asked and

20   answered.

21              MS. DIBIANCA:  She hasn't answered.

22              MS. BREWINGTON:  She said I don't recall.

23   But you can certainly ask her again.

24              THE WITNESS:  They said unprofessionally and

# EXHIBIT 3

Terry Snyder

Page 344

1   possession, sure, maybe that would help me recall.

2       Q.   Any documents that you know exist?

3       A.   No.

4       Q.   Okay.  Let's jump over to the tapes.  We have

5   talked a lot about the tapes.  Can you describe them for

6   me?  When were they recorded?

7       A.   A couple different dates.  January and then

8   April.

9       Q.   Of what year?

10      A.   2003.

11      Q.   2003?

12      A.   Yes.

13      Q.   How many tapes are there?  That's not very clear.

14  Not how many physical tapes but how many different

15  conversations were recorded?

16      A.   Three?  I'm asking you.

17      Q.   I don't know.  If you don't recall, that's okay.

18      A.   I think it is three.

19      Q.   Okay.  Who were the conversations between?

20      A.   One Randolph Harris.  And then two, Jerry Downie.

21      Q.   Two with Jerry Downie?

22      A.   Yes.

23      Q.   One tape with Randolph Harris or one conversation

24  I mean?

Terry Snyder

Page 345

1    A.    Yes, I think, yes.

2    Q.    What are on those tapes that support your

3    allegations?

4    A.    Which one?

5    Q.    Any of them?

6    A.    Which tape would you like to know?

7    Q.    Any of them.

8    A.    The one of Randolph harassing me?

9    Q.    Okay.  That would be fine, if you think that

10   there is one tape that describes, that demonstrates Mr.

11   Harris, supports your claim that Mr. Harris harassed you.

12   A.    Asked me to come to work wearing a dress with no

13   panties.

14   Q.    I want to go slow because this is very important.

15   A.    Okay.

16   Q.    There is a tape of Mr. Harris asking you?  Go

17   ahead.

18   A.    Him saying, "Shhh.  Why are you saying that?"

19   Q.    He says S-H-H-H?

20   A.    Shhh.

21   Q.    Okay.

22   A.    Or "Why are you saying that?"  He looks around.

23   He admits to being scared.

24   Q.    Did Mr. Harris -- I'm sorry.  I want to back up

Page 346

1    for one second.  Did he say, did he say the words "dress

2    with no panties"?

3        A.    He said it to me three days prior.

4        Q.    Okay.  So on the tape it is being referenced but

5    it is not --

6        A.    I think that's the correct date.  But he said

7    that to me on the 7th of January.  I brought it up.

8    Whatever date is on the January tape, the first one, I

9    brought it up.

10       Q.    Okay.  Did he respond when you brought it up on

11   the tape?

12       A.    He looked around.  He says, "Why are you saying

13   that?"

14       Q.    Did he agree that he had said that?

15       A.    He asked me why I was saying it.  He didn't deny

16   it.

17       Q.    Okay.  Did he know he was being taped?

18       A.    No.

19       Q.    What else on that tape is important to your

20   claim?

21       A.    Well, him trying to whisper.  Well, see, it is a

22   voice-activated recorder.  So to you I'm louder, which

23   I'm a naturally loud person anyway.  It was right here,

24   on my inside jacket pocket.  But he was trying to be

# EXHIBIT 4

Terry Snyder

Page 352

1    A.    Yes.

2    Q.    And then the second tape is what?

3    A.    Jerry Downie.

4    Q.    Do you know the time frame for that?

5    A.    April.

6    Q.    April 2003?

7    A.    Yes, ma'am.

8    Q.    What on that list or what on that tape, rather,

9    supports your claims?

10    A.    Of Jerry Downie trying to make me move?

11    Q.    I don't know.  Is that what the conversation is?

12    A.    Yes.

13    Q.    Is this the April 10th meeting?

14    A.    Giving me an ultimatum.  Yes.

15    Q.    So this is the one we talked about before?

16    A.    Yes.

17    Q.    Prior, today?

18    A.    Yes.

19    Q.    Where he asked you to turn it off and you did for

20    a moment and then turned it back on?

21    A.    Yes.

22    Q.    Okay.  Unless there is something you want to add,

23    I feel like we have covered that meeting enough.

24    A.    Mm-hmm, yes.

# EXHIBIT 5

Snyder                    v.        Citi Steel, USA, Inc.
Harris, Randolph    C.A. # 04-970-JJF           June 8, 2006

1    just --

2      A    No.

3      Q    What paper did you ask her to proofread?

4      A    There was a couple things where I had sketched some

5    things on paper and even some of the reports that I do for

6    upper level management, I have asked her to proofread them.

7      Q    Did you ask her to proofread anything related to

8    school work?

9      A    I could have on the way out.  Possibly.  If her and

10   Dennis and I was walking out together.  Because Dennis have

11   read some stuff.  And he would jokingly say, look at this,

12   to Terry or something, if it happened.

13     Q    And would that be related to work?

14     A    Both.

15     Q    No, when you asked her to proofread school work, is

16   that something personal?

17     A    Yes.

18     Q    I want to play you a tape and ask you to listen to

19   it.  If at any time you don't understand and need me to

20   rewind or stop, certainly let me know that.

21              MS. DiBIANCA:  Can we go off the record just

22   one second?

23              (Discussion held off the record.)

24   BY MS. BREWINGTON:

Snyder                        v.      Citi Steel, USA, Inc.
Harris, Randolph    C.A. # 04-970-JJF          June 8, 2006

Page 171

1    Q    Have you listened to any tapes of conversations

2    between you and Terry Snyder?

3    A    No.

4    Q    Like I said, I'd like to play you a portion of a

5    tape.  And then we can talk about it.  If you need me at any

6    time to stop it or can't hear or something.  I mean you'll

7    listen to the tape and then let me know your thoughts.

8    Okay?

9              (The tape was played for the witness.)

10   Q    Do you need me to rewind or anything?  Would you

11   like me to?

12   A    Some of it I couldn't understand.  I understand I

13   apologized for something, which I told you that earlier in

14   the statement.

15   Q    Just some preliminaries.  Do you recognize the

16   voices on the tapes?

17   A    Yes.  It's Terry's voice and it sounds like mine in

18   the background.

19   Q    Do you recall that conversation?

20   A    Yes, vaguely.  I don't know when it was.  But, yeah,

21   vaguely.

22   Q    Do you know approximately when it was?

23   A    No.

24   Q    Was it during the month of her termination?

# EXHIBIT 6

Terry Snyder

Page 303

1          MS. BREWINGTON:  What was the question?

2          MS. DIBIANCA:  I didn't ask a question.  I

3    just said "Did you."

4          MS. BREWINGTON:  Did you know what she was

5    going to say?  I didn't know what you were going to say.

6          MS. DIBIANCA:  I didn't know what I was

7    going to say either.

8          MS. BREWINGTON:  But you knew.

9    BY MS. DIBIANCA:

10      Q.   Now I have to put it in words.  Did you tell Mr.

11   Downie you had turned it off, turned the tape recorder

12   off?

13      A.   Probably -- maybe.  I may have.  You can listen

14   to it.  You will probably hear whether I --

15      Q.   I'm just asking you.

16      A.   I don't recall.

17      Q.   Mr. Downie, he did ask you to turn it off; is

18   that correct?

19      A.   Yes.

20      Q.   And you did not turn the tape off, stop

21   recording; is that correct or --

22          MS. BREWINGTON:  Objection, asked and

23   answered.

24      A.   No, I did for a second.

Terry Snyder

Page 304

1    Q.    You did turn it off for a second?

2    A.    One second.

3    Q.    And then you turned it back on?

4    A.    Yes, ma'am.

5    Q.    Did you tell him you were turning it back on?

6    A.    No, ma'am.

7    Q.    Did you pretend to have it turned off?

8    A.    I didn't pretend anything.  He just kept on

9    talking, I kept on talking back.  And then a few moments

10   later he said, "Is the tape recorder still on?"  And I

11   said, "Yes, it is."

12   Q.    What did he say?

13   A.    He said -- we can listen to it.  He said, "I

14   don't want to be recorded."  And I said, "Well, why not?"

15   I said, "That's too bad."  I said, "I already know that

16   I'm allowed to tape this."

17            Whatever, whatever is on there.  We can

18   listen to it.  I can't recall.

19   Q.    I don't want to listen to it.  I want you to tell

20   us.

21   A.    Well, I can't remember every single word.  I

22   can't remember things that happened 20 years ago.

23   Q.    You can't?

24   A.    Not everything.

Terry Snyder

Page 305

1    Q.   Is this 20 years ago?

2    A.   No, but I think you expect everybody's mind to

3    remember every little single word or page number and

4    detail.  And I do not, so...

5    Q.   So you are having some inability to recall the

6    details of this discussion?

7    A.   The exact word for word.

8         MS. BREWINGTON:  Okay.  Off the record one

9    second.

10        (Discussion off the record.)

11   BY MS. DIBIANCA:

12   Q.   So is your memory clear as to the events of this

13   meeting on the 10th?

14   A.   Somewhat, yes.

15   Q.   Yes?

16   A.   Yes.

17   Q.   Did you pretend to turn the tape off?

18        MS. BREWINGTON:  I'm going to object.

19   A.   He asked me to --

20        MS. BREWINGTON:  Asked and answered.  But

21   she can go ahead, certainly.

22   A.   Well, you asked me that once, and I guess I'll

23   answer again.  He asked me to turn it off, and I did so

24   for a second, and I turned it right back on.

# EXHIBIT 7



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2604,2632& 2685

March 3, 2004

Our Reference:        Charge No.  170-2003-01241
                      Snyder v.  CitiSteel USA, Inc.

Thomas Stephen Neuberger, Esq.
Thomas S. Neuberger, PA
Two East Seventh Street, Suite 302
Wilmington, DE   19801

Dear Mr. Neuberger:

I direct this letter to you, as you are listed as the Charging Party's point of contact for written correspondence.  Please note that the Charging Party is carbon copied on this letter.  We have received a response to your client's charge of discrimination from CitiSteel USA Inc.  The response contains the position statement of Respondent regarding your client's allegations of discrimination that were raised in the above named charge.

Respondent denies your client's allegations of discrimination, stating that when she reported her allegations, she refused to provide supporting information in the form of audio tapes in her possession.  Respondent investigated as best they could under these limitations, and found no reason to believe that discrimination had occurred.  Charging Party did have a prior history of performance concerns that had been discussed with her.  Respondent decided to offer Charging Party the opportunity to transfer, not out of retaliation but out of concern that the situation between Charging Party and Mr. Harris not escalate further.

A copy of the response is attached for your review.  Note that EEOC regulations prohibit my sending you the exhibits to the statement while this investigation is active.  If you have any questions about what a particular exhibit says, please call me and I will be happy to describe it to you.  As part of this rebuttal, I require either access to or transcripts of the tapes in Charging Party's possession, and note that failure to provide this specifically requested information **WILL** result in the dismissal of this charge.  Please look over the statement and submit your response/ rebuttal to my attention by no later than Friday, March 26, 2003.  Failure to respond to this letter in any way (a telephone message is sufficient) may also lead to the dismissal of your client's charge based on the information currently in the file, as well as her failure to cooperate with this investigation as requested.

This response/rebuttal will enable us to decide what to do next with this charge.  If you and/or your client have any information that can assist my analysis, now is the time to provide it.

P2

I am willing to discuss any part of this investigation with you and/or your client if you feel it is necessary, keeping in mind that I am expected to give the same level of attention to all of the cases in my caseload, as well as to my other responsibilities in this office. Please feel free to contact me at (215) 440-2668 at any time, remembering that it may take a while to get back to you, should you have any questions or concerns about this request or any other matter related to this charge.

I look forward to hearing from you soon so this investigation can continue.

Sincerely,

Elizabeth Wjasow
Elizabeth Wjasow
Senior Federal Investigator

Enc.:    Copy of Position Statement

cc:
Ms. Terry L. Snyder
30 North Rodney Drive
Wilmington, DE 19809

P3

# EXHIBIT 8

**Randolph, Jill**

| | |
|---|---|
| **From:** | Lori Brewington [lbrewington@margolisedelstein.com] |
| **Sent:** | Monday, August 14, 2006 10:41 AM |
| **To:** | DiBianca, Margaret |
| **Subject:** | RE: Deposition in Terry Snyder |

Molly, I think that's a good idea. As for her father's deposition, we'll plan for the morning of the 6th. Thanks.

Lori A. Brewington, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806
(302)777-4680
(302)777-4682 fax

>>> "DiBianca, Margaret" <mdibianca@ycst.com> 8/14/2006 9:26:07 AM >>>
Hi Lori,

The whole family or just the father?   I can be available for the
morning if that works for you.

On a slightly different note, I was having some thoughts about the infamous tapes.  I
think we will need to have some sort of written version of the tapes.  I'm not opposed to
using the transcriptions I have as a starting point, but I would want Terri to go through
them and compare them to the tapes to make sure there are no errors.
(Actually,
I should probably say, to correct the errors, because I'm positive there are errors, given
the quality of the tapes.)

Any thoughts?

Thanks,

Molly


Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-5008
Facsimile: 302-576-3476
mdibianca@ycst.com

-----Original Message-----
From: Lori Brewington [mailto:lbrewington@margolisedelstein.com]
Sent: Monday, August 14, 2006 9:20 AM
To: DiBianca, Margaret
Subject: Deposition in Terry Snyder

Hi Molly,

Terry Snyder's family father is available for his deposition on September 6, 2006. Please
advise on your availability. Thanks.

Lori A. Brewington, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806
(302)777-4680

1

# EXHIBIT 9

**DiBianca, Margaret**

| | |
|---|---|
| **From:** | DiBianca, Margaret |
| **Sent:** | Tuesday, August 15, 2006 3:28 PM |
| **To:** | 'Lori Brewington' |
| **Subject:** | [Disc.] (Prod.) Tape Transcription P510.DOC;[Disc.] (Prod.) Tape Transcription P507.DOC;[Disc.] (Prod.) Tape Transcription P509.DOC;[Disc.] (Prod.) Tape Transcription P508.DOC |
| **Attachments:** | (5168819_1)_[Disc.] (Prod.) Tape Transcription P510.DOC; (5168299_1)_[Disc.] (Prod.) Tape Transcription P507.DOC; (5169838_1)_[Disc.] (Prod.) Tape Transcription P509.DOC; (5172161_1)_[Disc.] (Prod.) Tape Transcription P508.DOC |

  

(5168819_1)_[Disc. (5168299_1)_[Disc. (5169838_1)_[Disc. (5172161_1)_[Disc.
] (Prod.) Ta...     ] (Prod.) Ta...     ] (Prod.) Ta...     ] (Prod.) Ta...

Hi Lori,

Here are the four transcripts. I *think* two of them are from the same conversation, but since they came to me on separate tapes, that's how I had them transcribed. I think one of them has the names of the people wrong, which would be because I was guessing who the tapes were before I heard them. I'm sending them in Word in case you think it may be easier to do a "track changes" with her changes, but whatever is easier for you I'm sure will be fine with me.

Let me think on the Cindy Wright date. The 6th is my birthday so. . . I'm inclined not to take that, but I don't know that I want to put it off to nearly 1 month after the official cut-off, either. There were no other dates, I presume? Also, what was her response-was she cooperative or not really? Debbie has left her a few messages, but to no response, so I'm wondering how long the dep will last based on her willingness to cooperate.

Thanks,

Molly

Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-5008
Facsimile: 302-576-3476
mdibianca@ycst.com

# EXHIBIT 10

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. McBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DiPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DiLIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DiBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL

KAREN LANTZ
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. McDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
KRISTEN R. SALVATORE (PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S. C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. McLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-5008
DIRECT FAX:  302-576-3476
mdibianca@ycst.com

August 21, 2006

Lori Brewington, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806

     RE:   Snyder v. CitiSteel
            C.A. No. 04-970-JJF

Dear Lori:

        Enclosed please find a sworn affidavit from Max Smith, which is being submitted pursuant to the duty to update under Rule 26 of the Federal Rules of Civil Procedure.

        This letter will also confirm our discussion last week wherein we agreed that Ms. Snyder will review the transcripts of the tapes identified as P506-P510. As you know, the tapes were transcribed by my office in an attempt to generate a written record of the tapes. You agreed to have Ms. Snyder review the transcripts for accuracy and indicate in writing any corrections she believes need to be made. Once I receive her suggested edits, we will move toward a final draft of the transcripts to be submitted as part of the formal record.

        If you have any questions, please feel free to contact me.

                    Sincerely yours,

                    Margaret M. DiBianca

MMD:mmd
Enclosure

DB02:5476545.1

064633.1002

EXHIBIT 11

**Randolph, Jill**

| | |
|---|---|
| **From:** | Lori Brewington [lbrewington@margolisedelstein.com] |
| **Sent:** | Thursday, September 07, 2006 9:29 AM |
| **To:** | DiBianca, Margaret |
| **Subject:** | RE: Transcripts |

Molly,
I received four word documents but they all seem to be conversations between Harris and Snyder but I didn't actually read them yet. Just to be sure, could you send me the transcript with Downie...again. Thanks!

Lori

Lori A. Brewington, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806
(302)777-4680
(302)777-4682 fax

>>> "DiBianca, Margaret" <mdibianca@ycst.com> 9/7/2006 9:25:27 AM >>>
I thought I had sent it. I can resend it today, though.

-----Original Message-----
From: "Lori Brewington" <lbrewington@margolisedelstein.com>
To: "mdibianca@ycst.com" <mdibianca@ycst.com>
Sent: 9/7/06 9:15 AM
Subject: Transcripts

Molly,
Do you have a transcript of the taped conversation between Jerry Downie and Terry Snyder?
I did not see it in the transcripts that you sent me.
If we stipulate to a transcript for the conversation between Mr.
Harris
and Ms. Snyder, I believe we should do the same for the conversation between Ms. Snyder
and Mr. Downie. Your thoughts? Thanks.

Lori

Lori A. Brewington, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806
(302)777-4680
(302)777-4682 fax

1

**DiBianca, Margaret**

| | |
|---|---|
| **From:** | DiBianca, Margaret |
| **Sent:** | Thursday, September 07, 2006 3:09 PM |
| **To:** | 'Lori Brewington' |
| **Subject:** | Transcript of 506 |

**Attachments:**    5167209_1.DOC

5167209_1.DOC
(70 KB)

Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-5008
Facsimile: 302-576-3476
mdibianca@ycst.com

THIS MESSAGE MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS OR OTHER PROTECTED INFORMATION.  IF YOU BELIEVE YOU ARE NOT AN INTENDED RECIPIENT (EVEN IF THIS MESSAGE WAS SENT TO YOUR E-MAIL ADDRESS), YOU MAY NOT USE, COPY, OR RETRANSMIT IT.  IF YOU BELIEVE YOU RECEIVED THIS MESSAGE BY MISTAKE, PLEASE NOTIFY US BY RETURN E-MAIL, AND THEN DELETE THIS MESSAGE. THANK YOU FOR YOUR COOPERATION.

# EXHIBIT 12

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DiPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DiLIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J. A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-5008
DIRECT FAX: 302-576-3476
mdibianca@ycst.com

LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DiBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ

SPECIAL COUNSEL
JOHN D. McLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. McDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
KRISTEN R. SALVATORE (PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S. C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

September 11, 2006

**BY E-MAIL AND U.S. MAIL**

Lori A. Brewington, Esq.
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806

      Re:  Snyder v. CitiSteel USA, Inc.

Dear Ms. Brewington :

            I write to address the several outstanding discovery issues in the above-referenced matter. In addition to the matters discussed more fully below, there is another outstanding issue. Due to the poor sound quality of the tapes, Plaintiff agreed to review the tape transcripts for tapes produced as P-506 and P-508-510 and to propose corrections where needed. CitiSteel incurred the expense of transcribing these tapes in an effort to narrow the factual issues for trial. Three of the four transcripts were provided to your office several weeks ago, with the fourth provided last week. Please advise as to when CitiSteel can expect to receive Plaintiff's proposed changes to the transcripts. If Plaintiff no longer wishes to abide by this agreement, it will be necessary to find an alternative method by which accurate and verified transcripts may be obtained. Therefore, CitiSteel requests that Plaintiff advise Defendant of an anticipated completion date as soon as practicable.

## REQUESTS FOR ADMISSION

            First, as you know from our discussion last Wednesday, September 6, 2006, CitiSteel contends that Plaintiff's responses to Defendant's First Request for Admissions are deficient. Defendant propounded twenty-three requests for admissions. Plaintiff admitted five of the requests. (See Responses to Nos. 1-3, 15). Plaintiff partially admitted one of the requests

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Lori A. Brewington, Esq.
September 11, 2006
Page 2

and included an appropriate explanation. (See Response to No. 7). Plaintiff claimed insufficient knowledge to one request. As to the remaining twelve requests, Plaintiff responded, "Denied."

Instruction Number 3 on the original request states: "If a request for admission is denied, Plaintiff shall qualify his answer and shall specify in reasonable detail why so much of it as is true and qualify or deny the remainder." Also, the plain language of Rule 36 makes clear that answers to requests "shall specifically deny" the matter and, "when good faith requires that a party qualify an answer or deny only a pert of the matter, . . . the party shall specify so much of it as is true and qualify or deny the remainder." Fed. R. Civ. P. 36(a).

Blanket denials may constitute sufficient responses in certain circumstances. However, "a denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Caruso v. Coleman Co., 1995 U.S. Dist. LEXIS 7934 (E.D. Pa. 1995). Evasive answers are (deemed) insufficient. Insufficient answers are cause for attorney's fees and other sanctions, which are mandatory under Rule 37.

CitiSteel believes that Plaintiff has denied certain requests without any basis or grounds for doing so and, as such, Plaintiff's evasive denials fail to meet the substance of the request. Such evasiveness is demonstrated by the fact that several of Plaintiff's denials directly contradict her own sworn testimony, either during her deposition or through the production of documents to the Court and to various administrative agencies.

For example, Request Number 13 asks Plaintiff to admit or deny the following: "Jerome Downie offered you a position in the Shipping Department as a Clerk/Typist." Plaintiff responded, "Denied." However, in her deposition testimony, Plaintiff plainly and repeatedly stated that Mr. Downie did, in fact, offer her a transfer to the Shipping Department as Clerk/Typist. Some examples of her sworn testimony can be found at the following pages of Ms. Snyder's deposition transcript: 267:20-23; 269:16-20; 270:12-13; and 276:18 – 277:5.

Clearly, Response No. 13 directly contradicts Plaintiff's prior sworn testimony. This is only one example of the several contradictions between Plaintiff's Responses to Defendant's First Request for Admissions and Plaintiff's prior sworn testimony. CitiSteel has serious concerns about the accuracy of Plaintiff's responses. If Plaintiff intends to deny one part of the request, this must be explained in Plaintiff's responses. Plaintiff may not, however, deny the request in its entirety for technical reasons if the substance of the request is understood.

Additionally, the text of Requests 3-6 was inaccurately reproduced in Plaintiff's Responses. In the original document, Request No. 4, asked Plaintiff to admit or deny the following:

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

Lori A. Brewington, Esq.
September 11, 2006
Page 3

> 4. Randolph Harris does not say the words "panties," "dress," or "underwear" on the tape recording produced as P-0509.

However, Plaintiff's Responses indicate that Request No. 4 asks:

> 4. Randolph Harris does not admit nor agree that he made any comment to you involving a "dress with no panties" on the tape recording produced as P-0508.

Because of the typing error, Requests 4-6 incorrectly appear to be identical Requests and, presumably, are answered as such.

CitiSteel hereby demands that Plaintiff's Responses to Defendant's First Request for Admissions be revised and supplemented for sufficiency under the language and the spirit of Rule 36 on or before Friday, September 15, 2006.

## OVERDUE RESPONSES TO INTERROGATORIES & REQUESTS FOR PRODUCTION

As you know, Plaintiff's Responses to Defendant's Second Interrogatories and to Defendant's Second Requests for Production are overdue. These requests were filed and served contemporaneously with Defendant's First Request for Admissions. Plaintiff responded only to the Request for Admissions.

By failing to comply within the 30-day deadline, Plaintiff has waived any and all objections to both the Interrogatories and the Requests for Productions. See FRCP 33(b)(4). Plaintiff's responses, therefore, must contain only full and complete answers, without objection.

Last Wednesday, you indicated that you could not provide a date by which Plaintiff's responses would be served. Given the late stage of the litigation, an already extended discovery period, and Plaintiff's deposition scheduled for later this month, this response causes CitiSteel great concern. This morning you communicated that Plaintiff intends to respond as soon as possible.

CitiSteel hereby demands that Plaintiff provide its responses to Defendant's Second Interrogatories and to Defendant's Second Requests for Production be served, without objection, on or before Friday, September 15, 2006.

## DUTY TO SUPPLEMENT AND CORRECT

Plaintiff has a duty to supplement and correct its mandatory disclosures under Rule 26(a), interrogatory responses, responses to requests for production, and responses to requests for admissions under Rule 26(e)(1-2). CitiSteel has recently acquired information that

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Lori A. Brewington, Esq.
September 11, 2006
Page 4

Plaintiff has failed to comply with these duties in that Plaintiff has provided information that is materially inaccurate, as well as information that is evasive and incomplete.

CitiSteel believes that Plaintiff's failure to supplement and correct its previous disclosures and responses is both material and prejudicial to its ability to conduct a proper defense in this matter. Further, Plaintiff's failure to supplement and correct have caused CitiSteel significant expense and attorney's fees.

CitiSteel hereby demands that Plaintiff supplement and correct its disclosures and discovery responses so that such disclosures and responses are entirely complete and accurate and that such supplementation and/or corrections be served to Defendant on or before Friday, September 15, 2006.

### MS. SNYDER'S FAILURE TO COOPERATE IN DISCOVERY

Perhaps of most concern has been Ms. Snyder's failure to cooperate in the discovery process. During her deposition, Ms. Snyder refused to provide information that was clearly available to her. She was evasive with her answers and, often, her claimed failure to recall was highly questionable.

Recently, I received a telephone call from the office of one of Ms. Snyder's health care providers. The health care provider relayed to me that Ms. Snyder telephoned its office and demanded that her records not be released. She stated that she had never signed a medical release and threatened to sue the office for unlawfully releasing her records.

This behavior is in direct violation of Plaintiff's duties to cooperate and to not impede the discovery process. As you know, Ms. Snyder executed a full authorization and medical release, permitting CitiSteel's attorneys to request and receive her medical records. Untruths and unfounded threats are not in accord with the spirit of discovery, nor with Plaintiff's duty to cooperate during the discovery process.

CitiSteel hereby demands that Ms. Snyder immediately cease and desist from interfering with or impeding CitiSteel's right to fully pursue its defense. Ms. Snyder should be prepared to answer questions honestly and completely during her deposition on September 20, 2006. Should Plaintiff's conduct during her deposition on September 20, 2006 be uncooperative or evasive, CitiSteel stands prepared to stop the deposition and involve the Court if necessary.

CitiSteel expects that Plaintiff will correct all discovery deficiencies on or before September 15, 2006. However, should such compliance not be forthcoming, CitiSteel will be forced to file a Motion to Compel and a Motion to Determine Sufficiency under FRCP37. Such Motions will request that Plaintiff comply with its discovery obligations, as well as appropriate sanctions and attorney's fees.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Lori A. Brewington, Esq.
September 11, 2006
Page 5


      While I am confident that Plaintiff will comply with its duties and obligations and will provide the requested information and documents within the times set forth above, please do not hesitate to contact me with any questions or concerns you may have in reference to these matters. Thank you in advance for your cooperation.

      Sincerely yours,

      Margaret M. DiBianca


MMD:bla
Enclosure

EXHIBIT 13

**Randolph, Jill**

| | |
|---|---|
| **From:** | Lori Brewington [lbrewington@margolisedelstein.com] |
| **Sent:** | Tuesday, September 19, 2006 3:52 PM |
| **To:** | DiBianca, Margaret |
| **Subject:** | RE: Terry Snyder's deposition |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

Molly,
Terry Snyder is ill and will not be able to attend her deposition scheduled for tomorrow.
Additionally, I had planned to meet with her this afternoon to review the tapes and to
have her sign the verification form but unfortunately, she was not able to come in. I am
in the process of preparing for a trial and writing a brief that is due next week. We may
have to reschedule her deposition for the second week in October.
Your thoughts?

Lori

Lori A. Brewington, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806
(302)777-4680
(302)777-4682 fax

>>> "DiBianca, Margaret" <mdibianca@ycst.com> 9/18/2006 10:38:56 AM
>>>
I had still planned on it.  Will you be providing any more discovery responses prior to
then?


Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-5008
Facsimile: 302-576-3476
mdibianca@ycst.com

THIS MESSAGE MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS OR OTHER PROTECTED
INFORMATION.  IF YOU BELIEVE YOU ARE NOT AN INTENDED RECIPIENT (EVEN IF THIS MESSAGE WAS
SENT TO YOUR E-MAIL ADDRESS), YOU MAY NOT USE, COPY, OR RETRANSMIT IT.  IF YOU BELIEVE YOU
RECEIVED THIS MESSAGE BY MISTAKE, PLEASE NOTIFY US BY RETURN E-MAIL, AND THEN DELETE THIS
MESSAGE.  THANK YOU FOR YOUR COOPERATION.

-----Original Message-----
From: Lori Brewington [mailto:lbrewington@margolisedelstein.com]
Sent: Monday, September 18, 2006 10:23 AM
To: DiBianca, Margaret
Subject: Terry Snyder's deposition

Molly,
Are we still on for Terry Snyder's deposition on Wednesday, Sept. 20 at 1:00 p.m. Please
advise. Thanks.

Lori


Lori A. Brewington, Esquire

1

Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806
(302)777-4680
(302)777-4682 fax

EXHIBIT 14

○ Tapes

○ Suppoen'd docs

○ Kalkenstein Med. Release

○ Can someone else from her office cover the dep?

| 12:30 | LORI
- Terri has the tapes but hasn't returned them to Lori
(WF) (Oct 6) · She'll have tax tapes to me by the 10th

(Done) · I'll send her Dr. Kalkstein's release (his office called · her yesterday)
(WF) · She'll let me know if someone from her office can cover the dep on the 25th, 26th, or 27th

I'll send Lori a copy of the binders before the dep & move them in as exhibits
- If dep is moved to Oct., will work out something else.

CAMBRIDGE®

EXHIBIT 15

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

IAN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. McBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-5008
DIRECT FAX: 302-576-3476
mdibianca@ycst.com

LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ

SPECIAL COUNSEL
JOHN D. McLAUGHLIN, JR
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. McDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
KRISTEN R. SALVATORE (PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

September 22, 2006

**BY E-MAIL**

Lori A. Brewington, Esq.
Margolis Edelstein
lbrewington@margolisedelstein.com

      Re:   <u>Snyder v. CitiSteel</u>

Dear Lori:

      This letter is to confirm our telephone conversation on Wednesday, September 20, 2006 regarding the rescheduling of Ms. Snyder's deposition and other outstanding discovery issues.

      Ms. Snyder was unable to attend her deposition on Wednesday due to illness. The deposition was cancelled by your office late Tuesday afternoon. Due to your trial schedule, you do not anticipate being able to reschedule the deposition before the second week of October.

      Because this would be approximately six weeks past the discovery cut-off and one month prior to the filing deadline for dispositive motions, you have agreed to attempt to have another attorney from your office attend the deposition in your place. If this is a possibility, we agreed that Monday through Wednesday of next week, September 25-27, 2006 are available and agreeable dates. If you are unable to find someone to cover the deposition, we will reevaluate the scheduling order in light of the changed dates. I am currently awaiting your response as to this issue.

      Also outstanding is the transcription of the tapes. Although we had previously agreed that Ms. Snyder would review the transcripts, she apparently has not been inclined to

# Young Conaway Stargatt & Taylor, LLP

Lori A. Brewington, Esq.
September 22, 2006
Page 2

make such a review at this time. You agreed that you would remind Ms. Snyder of the urgency of the request and would have her comments sent to me by Friday, October 6, 2006.

And finally, we discussed Ms. Snyder's recent disclosure of an employer, "Maximus temporary services," which she included in her responses to Defendant's Second Interrogatories, filed September 15, 2006. This is one of several former employers that Ms. Snyder disclosed for the first time in her responses. None of the former employers were identified by address or telephone number as requested. (See Interr. Nos. 16 and 22). On Wednesday, you agreed to ask Ms. Snyder to provide this requested information. I received an e-mail from Ms. Taylor in your office yesterday indicating that she had spoken with Ms. Snyder but Ms. Snyder was unable to provide any additional information and that, in the spirit of cooperation, Ms. Taylor had done an internet search for the possible addresses. Although Ms. Taylor's efforts are appreciated, Ms. Snyder is the party pursuing this litigation and, as such, she is expected to comply to the extent that she is able without requiring Defendant to specifically request her full compliance. Today I did receive another e-mail from Ms. Taylor indicating that Ms. Snyder had worked in Claymont. Again, please thank Ms. Taylor for her assistance.

If you have any questions or concerns about these or any other issues in this case, please do not hesitate to contact me. In the meantime, I will look forward to hearing from you shortly regarding Ms. Snyder's rescheduled deposition.

Sincerely,

Margaret M. DiBianca

MMD:y

EXHIBIT 16

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DiPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DiLIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J. A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253
————
110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338
WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-5008
DIRECT FAX: 302-576-3476
mdibianca@ycst.com

LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DiBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
KRISTEN R. SALVATORE (PA ONLY)
MICHELE SHERRETTA
MONTE T. SQUIRE
MICHAEL P. STAFFORD
CHAD S. C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

September 27, 2006

**BY E-MAIL & U.S. MAIL**

Lori A. Brewington, Esq.
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, Delaware 19806

     Re:   Snyder v. CitiSteel

Dear Lori:

     Per our telephone discussion this morning, Plaintiff's deposition will be re-noticed for Friday, September 29, 2006, beginning at 9:00 a.m., to be held in the offices of YCS&T.

     I am sure that it goes without saying that this morning's last minute cancellation of Ms. Snyder's deposition, five minutes prior to the scheduled starting time, has caused Defendant serious concern. As you know, this is the second time in less than two weeks that Ms. Snyder has become unavailable for a properly noticed deposition. She had been properly noticed for her deposition on September 20, 2006, as well, but that was cancelled at 4:00 p.m. on the eve of the deposition.

     On Friday, Ms. Snyder will be expected to bring with her to the deposition a copy of a signed copy of the Release required by Dr. Privette's office. If she does not bring the Release, I will provide her with a copy and will expect her to execute it prior to any testimony.

     Hopefully, this will enable us to forward the Release to Dr. Privette's office and ask for an expedited return of the documents. If we receive the records prior to the end of the

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

Lori A. Brewington, Esq.
September 27, 2006
Page 2

deposition and, assuming the documents are of a reasonable number, I will review them during a break and proffer any questions I may have about them during the same deposition.

If, however, we are unable to obtain the records on Friday while the deposition is ongoing or if, for some reason, the records cannot be reviewed during a break, Defendant reserves the right to re-call Ms. Snyder for another deposition, limited to the information arising from such records. If, of course, you are able to provide the executed release prior to Friday, I will make every effort to obtain the records in time to prevent the necessity of having to recall your client for another day of testimony. Although we agreed to this method this morning via telephone, please inform me immediately of any objections you should have.

We also agreed this morning that Ms. Snyder has completed her review of the tape transcripts and you expect to meet with her to discuss them on Friday afternoon, following her deposition, as well as to have her sign the outstanding Verification form absent from Plaintiff's Responses to Defendant's Second Set of Interrogatories. Based on our conversation, then, I will expect both the transcript edits and the signed Verification by the end of the day on Friday.

Should Ms. Snyder be unwilling to execute the Release or, in any other way, fail to cooperate during the deposition or otherwise, Defendant stands fully prepared to move the Court to dismiss her claims pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedures, as well as to issue an Order awarding Defendant costs and fees for its time and expense caused by Ms. Snyder.

Please contact me with any changes or concerns.

Sincerely,

Margaret M. DiBianca

MMD:y

EXHIBIT 17

**DiBianca, Margaret**

| | |
|---|---|
| **From:** | Timothy Wilson [twilson@margolisedelstein.com] |
| **Sent:** | Monday, October 02, 2006 10:25 AM |
| **To:** | DiBianca, Margaret |
| **Cc:** | Lori Brewington |
| **Subject:** | Re: Snyder v. CitiSteel |

Molly,
I just talked to her.  She is going to the doctor today and he is going to runs some tests on her.  She still is not feeling well.  I told her to talk to her doctor today to get his opinion on whether she'll be able to proceed this week.  She will contact me today or early tomorrow and I'll get back to you on.  She told me to express her deepest apologies to you.

Tim

Timothy J. Wilson, Esq.
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 777-4680
FAX: (302) 777-4682
Email: twilson@margolisedelstein.com

This Email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  The Information contained herein is confidential, is subject to the attorney-client privilege, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Margolis Edelstein.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful.  If you have received this communication in error, please notify Margolis Edelstein immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.

>>> "DiBianca, Margaret" <mdibianca@ycst.com> 09/29 5:58 PM >>>
Tim (or Lori),

Were you able to reach Ms. Snyder today re: rescheduling her deposition?


Thank you,

Molly

Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-5008
Facsimile: 302-576-3476
mdibianca@ycst.com

THIS MESSAGE MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS OR OTHER PROTECTED INFORMATION.  IF YOU BELIEVE YOU ARE NOT AN INTENDED RECIPIENT (EVEN IF THIS MESSAGE WAS SENT TO YOUR E-MAIL ADDRESS), YOU MAY NOT USE, COPY, OR RETRANSMIT IT.  IF YOU BELIEVE YOU RECEIVED THIS MESSAGE BY MISTAKE, PLEASE NOTIFY US BY RETURN E-MAIL, AND THEN DELETE THIS MESSAGE.  THANK YOU FOR YOUR COOPERATION.

EXHIBIT 18

**DiBianca, Margaret**

| | |
|---|---|
| **From:** | Lori Brewington [lbrewington@margolisedelstein.com] |
| **Sent:** | Thursday, October 05, 2006 12:59 PM |
| **To:** | DiBianca, Margaret |
| **Subject:** | RE: Terry Snyder deposition |

Molly,
I will check on her availability for the 16th and 17th, along w/ the status of the
transcripts. We are in the process of sending the medical releases today.

Lori

Lori A. Brewington, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806
(302)777-4680
(302)777-4682 fax

>>> "DiBianca, Margaret" <mdibianca@ycst.com> 10/5/2006 12:06:50 PM
>>>
Lori,

What is the status of the following:  Kalstein release, the transcripts, and the
documentation for her cancellations last week?

My first available dates are the 16th and 17th.


Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-5008
Facsimile: 302-576-3476
mdibianca@ycst.com

THIS MESSAGE MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS OR OTHER PROTECTED
INFORMATION.  IF YOU BELIEVE YOU ARE NOT AN INTENDED RECIPIENT (EVEN IF THIS MESSAGE WAS
SENT TO YOUR E-MAIL ADDRESS), YOU MAY NOT USE, COPY, OR RETRANSMIT IT.  IF YOU BELIEVE YOU
RECEIVED THIS MESSAGE BY MISTAKE, PLEASE NOTIFY US BY RETURN E-MAIL, AND THEN DELETE THIS
MESSAGE.  THANK YOU FOR YOUR COOPERATION.

-----Original Message-----
From: Lori Brewington [mailto:lbrewington@margolisedelstein.com]
Sent: Thursday, October 05, 2006 11:37 AM
To: DiBianca, Margaret
Subject: Terry Snyder deposition

Molly,
I apologize for the delay. I have been in trial this week. Terry is available for depo #3
on October 10, 11 or 13. How's your availability?

Lori

Lori A. Brewington, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806
(302)777-4680

# EXHIBIT 19

Snyder                                                    CitiSteel, USA, Inc.
                                                v.
Snyder, Terry L. - Vol. 3, Volume 3   C.A. # 04-970 (JJF)      October 16, 2006

Page 304

1    Ever been on Wellbutrin?

2       A.    Yeah.   But I think that was for not smoking or

3    something, and it made my mouth taste funny or

4    something.   And I remember asking -- I don't even know

5    who it was -- Somebody at CitiSteel, was taking it for

6    depression or something.   But I saw on commercials it

7    would show for depression and not smoking, so I was

8    confused on that.   I don't know why somebody --

9    whatever doctor gave that to me, yeah.

10      Q.    Do you recall being on it?

11      A.    I remember taking it.   I quit taking it

12   immediately because it made my mouth taste weird and

13   didn't make me stop smoking.   It may have been

14   Dr. Goodman gave it to me to try to help me quit

15   smoking, even though like one pack of cigarettes will

16   last me three days.   I am not a chain smoker.   I don't

17   smoke a lot, so.   Every time I go in there,

18   Dr. Goodman will say, "Did you quit smoking yet?"

19      Q.    So nothing other than that, then?

20      A.    No.   Not that I recall.

21      Q.    How about the tapes?   Have you done those yet?

22   Have you had an opportunity to review the transcripts?

23      A.    You know what.   I do apologize.   I am not done.

24   Yeah, I am not done.   I do apologize.   I swear, I will

1   get them done within the week.  Can we try a week,
2   something?  Promise.
3       Q.   You tell me.  I am eagerly awaiting their
4   return.
5       A.   It is so much, it is so much.  I am not a
6   lawyer.  You guys work around the clock, I mean, you
7   know.  I have been getting headaches lately.  I do
8   apologize deeply.
9       Q.   Do you understand what we're asking --
10      A.   Yes.
11      Q.   -- you to do with them?
12      A.   Yes.
13      Q.   You do?
14      A.   Yes.  Sit there and listen to them and read
15  word for word.
16      Q.   Right.  Because I'll just tell you so you hear
17  it from me.  I had them done here just in our word
18  processing department.  So there is going to be
19  likely, I would presume, errors.
20      A.   Oh, God.  Well, I started --
21      Q.   Go ahead.
22      A.   I started to go through with it.  And whatever
23  that name is Michael Holt or Haut, whatever, I never
24  heard it before in my life.  I know there is no way

Snyder                                    v.        CitiSteel, USA, Inc.
Snyder, Terry L. - Vol. 3, Volume 3 C.A. # 04-970 (JJF)          October 16, 2006

Page 306

1    it's on any of the tapes.  I understand what you are

2    saying, there is going to be errors, period.

3        Q.   Yes.  That way you can just go through it and

4    make sure.  Because you were actually there, so you

5    would know better than us guessing.

6        A.   I understand.  I know.

7        Q.   So we'll look for those.  Can I take a break?

8    I don't think I have any more questions.  I want to

9    skim through for a minute or two to make sure I am not

10   leaving anything out.

11       A.   You had a document to go back to, remember.

12       Q.   No.  We got it.

13       A.   You got it.

14       Q.   So we'll just take a few more minutes?

15       A.   You mean we're almost done for the day?

16       Q.   Mm-hmm.

17       A.   Oh.

18              (Recess taken.)

19              MS. DiBIANCA:  What we'll do is we'll move

20   one into the record just so there is a copy attached

21   to the transcript so the you have it later if you need

22   it.

23              THE WITNESS:  I couldn't remember.  So.

24   There you go.  That's all.

Wilcox & Fetzer, Ltd.    Professional Court Reporters        (302)655-0477

EXHIBIT 20

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

MARGARET M. DIBIANCA, ESQ.
DIRECT DIAL: (302) 571-5008
DIRECT FAX: (302) 576-3476
mdibianca@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

November 1, 2006

**BY FACSIMILE & U.S. MAIL**

Lori A. Brewington Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806

Re:    Terri L. Snyder v. CitiSteel U.S.A., Inc.

Dear Ms. Brewington:

I again write to you regarding several outstanding issues in the above-referenced matter. On October 16, I forwarded copies of two invoices from Wilcox & Fetzer. These invoices were for cancellation fees charged for Ms. Snyder's two last-minute cancellations for depositions on September 27, 2006 and September 29, 2006. You previously agreed that your office would pay these costs. My office has paid the invoices but have not received reimbursement from Margolis Edelstien.

Defendant also waits to receive Plaintiff's responses to the most recent interrogatories in which Plaintiff was asked to identify the reason for separation from each employer subsequent to her employment at CitiSteel. My most recent request for this information was via letter on October 19, 2006, to which I have received no response.

Finally, as you know, Defendant still awaits Plaintiff's edits to the transcriptions of the tapes. I initially forwarded the transcripts to your office on August 15, 2006. Now, two and half months later, there has still been no response. In late September you assured me that you would produce the transcripts no later than October 6, 2006. Then, on October 5, 2006, you said that you would check the status of the transcripts. At Ms. Snyder's deposition on October 16, 2006, she personally assured me that she would review the transcripts without delay.

Please advise me of your intent regarding these issues. I will expect payment of the invoices on or before Wednesday, November 8, 2006.

Sincerely,

Margaret M. DiBianca, Esq.

DB02:5588098.1

064633.1002

EXHIBIT 21



**MARGOLIS EDELSTEIN**

ATTORNEYS AT LAW
www.margolisedelstein.com

RECEIVED
NOV 0 8 2006

**DELAWARE OFFICE:**
1509 GILPIN AVENUE
WILMINGTON, DE 19806
302-777-4680
Fax 302-777-4682

LORI A. BREWINGTON, ESQUIRE
lbrewington@margolisedelstein.com

PHILADELPHIA OFFICE:*
THE CURTIS CENTER, 4TH FLOOR
601 WALNUT STREET
INDEPENDENCE SQUARE WEST
PHILADELPHIA, PA 19106-3304
215-922-1100
Fax 215-922-1772

HARRISBURG OFFICE:*
3510 TRINDLE ROAD
CAMP HILL, PA 17011
717-975-8114
Fax 717-975-8124

PITTSBURGH OFFICE:
310 GRANT STREET
THE GRANT BUILDING, SUITE 1500
PITTSBURGH, PA 15219
412-281-4256
Fax 412-642-2380

SCRANTON OFFICE:
THE OPPENHEIM BUILDING
409 LACKAWANNA AVENUE
SUITE 3C
SCRANTON, PA 18503
570-342-4231
Fax 570-342-4841

SOUTH NEW JERSEY OFFICE:*
SENTRY OFFICE PLAZA
216 HADDON AVENUE, 2ND FLOOR
P.O. BOX 92222
WESTMONT, NJ 08108
856-858-7200
Fax 856-858-1017

NORTH NEW JERSEY OFFICE:
CONNELL CORPORATE CENTER
THREE CONNELL DRIVE
SUITE 6200
BERKELEY HEIGHTS, NJ 07922
908-790-1401
Fax 908-790-1486

* MEMBER OF THE HARMONIE GROUP

November 7, 2006

Molly DiBianca, Esquire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0319

RE: **Terry Snyder v. Citi Steel USA, Inc.**

-------------------------------------------------------

Dear Molly:

Enclosed please find a copy of additional supplemental responses to defendant's discovery requests which include; (1) COBRA documents; (2) transcript of conversation with Downie; and (3) documents with regards to Ms. Snyder's look for work.

Please give me a call if you have any questions. Thank you.

Very truly yours,

LORI A. BREWINGTON

LAB/rt

Enclosures