**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TERRY L. SNYDER, | ) | |
| | ) | |
|       Plaintiff, | ) | |
|     v. | ) | C.A. No. 04-970-JJF |
| | ) | |
| CITISTEEL USA, INC., | ) | |
| | ) | |
|       Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE**

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

Sheldon N. Sandler, Esquire (No. 245)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
1000 West Street, 17th Floor, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673; (302) 571-5008
Facsimile: (302) 576-3330; (302) 576-3476
Email: ssandler@ycst.com; mdibianca@ycst.com
Attorneys for Defendant

Dated: March 5, 2007

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

I. BECAUSE THE NEWLY SUBMITTED HARRIS TRANSCRIPT WAS NOT TIMELY FILED, IT MAY NOT BE CONSIDERED FOR THE PURPOSES OF SUMMARY JUDGMENT ................................................................. 2

II. TRANSCRIPTS DERIVED FROM UNAUTHENTICATED AND UNINTELLIGIBLE RECORDINGS MAY NOT BE CONSIDERED FOR THE PURPOSES OF SUMMARY JUDGMENT AND SHOULD BE STRICKEN FROM THE RECORD ...................................................................... 2

    A. Because Plaintiff Failed to Provide the Court with the Original Recordings, the Transcripts Were Not Authenticated as Is Required for Admission ............................................................................. 3

    B. Because Plaintiff Failed to Establish the Requisite Foundation for the Tape Recordings, the Transcripts Must Be Stricken ................... 4

    C. Because the Tapes are Inaudible, the Transcripts Must Be Stricken ..................................................................................................... 6

    D. Because the Transcripts With Plaintiff's Edits Do Not "Mirror the Tapes," They Must Be Stricken ................................................. 7

III. BECAUSE THEY CANNOT BE AUTHENTICATED, IT IS IRRELEVANT WHETHER THE TRANSCRIPTS CAN BE CONSIDERED PARTY ADMISSIONS ..................................................................... 7

CONCLUSION ...................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

Dagen v. CFC Group Holdings, Ltd.,
   No. 5682,
   2004 U.S. Dist. LEXIS 6582 (S.D.N.Y. Apr. 13, 2004) ............................................ 3, 4

Hoffman v. Applicators Sales & Serv., Inc.,
   439 F.3d 9 (1st Cir. 2006) ................................................................................................ 4

McAlinney v. Marion Merrell Dow, Inc.,
   992 F.2d 839 (8th Cir. 1993) ........................................................................................... 8

Minerva Marine, Inc. v. Spiliotes,
   Civ. No. 02-2517 (WHW),
   2006 U.S. Dist. LEXIS 13922 (D.N.J. Mar. 13, 2006) ..................................................... 2

People v. Warner,
   510 N.Y.S.2d 292 (N.Y. App. Div. 1987) ...................................................................... 7

Riley v. Town of Bethlehem,
   44 F. Supp. 2d 451 (N.D.N.Y. 1999) .............................................................................. 3

Steele v. Jennings,
   No. 2:04-189,
   2005 U.S. Dist. LEXIS 18703 (S.D. Ohio Aug. 31, 2005) .............................................. 3

U.S. v. Font-Ramirez,
   944 F.2d 42 (1st Cir. 1991) .............................................................................................. 7

U.S. v. Frazier,
   479 F.2d 983 (2d Cir. 1973) ............................................................................................ 6

U.S. v. Starks,
   515 F.2d 112 (3d Cir. 1975) ............................................................................................ 5

**Rules**

Fed. R. Civ. P. 56(e) ................................................................................................................ 2

**Other Authorities**

10B Wright & Miller, Fed. Practice & Proc. § 2738 at 325 (2005) ................................... 2

11 James Wm. Moore et al.,
   Moore's Fed. Practice, § 56.10 (Matthew Bender 3d ed.) .............................................. 3

23 Am. Jur. Proof of Facts 3d,
   Foundation for Audio Recordings as Evidence § 315 (2005) ........................................ 6

Clifford S. Fishman,
   Recordings, Transcripts and Translations as Evidence,
   81 Wash. L. Rev. 473 (2006) ................................................................................. 3, 6, 7

**PRELIMINARY STATEMENT**

On its own initiative, Defendant incurred the expense of "transcribing" the audible portions of tape recordings produced by Plaintiff during discovery. The tapes were of terrible quality. They were difficult to hear and nearly impossible to understand.

Several months prior to the close of discovery, Defendant expressed concern about the practical difficulties in constructing a summary judgment motion using audio recordings. Defendant and Plaintiff agreed to participate in a joint review of the transcripts in an attempt to come to an agreement in advance of summary judgment regarding the contents of the tapes. After the passage of several months, the close of discovery, repeated requests by Defendant, and numerous assurances and promises to comply by Plaintiff, no transcripts were forthcoming.

Only days before the deadline for submission of Defendant's dispositive motion, Defendant received one of the two transcripts with Plaintiff's handwritten notes and edits. Then, in her Answering Brief, Plaintiff attached an unedited copy of the second transcript. In response to the present Motion, Plaintiff submitted a now-edited copy of the second transcript. This was the first time Defendant saw any comments to the Harris transcript. Plaintiff admits that portions of the transcripts were "inaudible."

Plaintiff now asks the Court not only to excuse her failure to abide by the agreement by admitting the first transcript, but to actually *reward* her for this manipulation by permitting her to enter the second transcript into the record despite the fact that it was not timely submitted in accordance with Rule 56. Plaintiff does not cite to a single case, statute, or other legal authority in support of her request to deny the Motion to Strike. Defendant contends that Plaintiff's position is positively without merit and asks the Court to grant the present Motion.

1

**ARGUMENT**

I. **BECAUSE THE NEWLY SUBMITTED HARRIS TRANSCRIPT WAS NOT TIMELY FILED, IT MAY NOT BE CONSIDERED FOR THE PURPOSES OF SUMMARY JUDGMENT**

Plaintiff submitted a copy of the Harris transcript with her handwritten comments and edits as an exhibit to her Answering Brief. (D.I. 105 at Ex. 2). Prior to this recent submission, Plaintiff had provided the Court only with an unedited copy of the Harris transcript without any handwritten notes. (D.I. 100). Plaintiff asks the Court to "allow Plaintiff to supplement the [record]" with this edited, late-filed version of the Harris transcript. (D.I. 105 at 7).

Rule 56(e) of the Federal Rules of Civil Procedure require a party opposing a motion for summary judgment to submit any affidavits or papers referred to in an affidavit to be "attached thereto or served therewith." Fed. R. Civ. P. 56(e). "These rules are mandatory." 10B Wright & Miller, Fed. Practice & Proc. § 2738 at 325 (2005) (quoted in Minerva Marine, Inc. v. Spiliotes, Civ. No. 02-2517 (WHW), 2006 U.S. Dist. LEXIS 13922, at *24 (D.N.J. Mar. 13, 2006)). Rule 56 does not allow for the consideration of documents that were submitted after the expiration of the summary judgment deadline. Plaintiff's request, although creative, is impermissible under the plain language of Rule 56(e) and, therefore, must be denied.

II. **TRANSCRIPTS DERIVED FROM UNAUTHENTICATED AND UNINTELLIGIBLE RECORDINGS MAY NOT BE CONSIDERED FOR THE PURPOSES OF SUMMARY JUDGMENT AND SHOULD BE STRICKEN FROM THE RECORD**

Plaintiff asks the Court to consider two transcripts made from unintelligible recordings. While the transcripts are the subject of the present Motion to Strike, the underlying tape recordings are equally ineligible for consideration in the

Summary Judgment Motion presently before the Court. A recording is admissible only if it has been authenticated by the offering party and its audibility and intelligibility have been established. See Clifford S. Fishman, Recordings, Transcripts and Translations as Evidence, 81 Wash. L. Rev. 473, 477 (2006). Similarly, a transcript is admissible only if the offering party has established the accuracy of its contents. Id. Here, Plaintiff seeks to admit two transcripts, which she admits were made from inaudible tape recordings. "A motion to strike will [] be granted when it challenges documentary evidence that was submitted in [] opposition to a summary judgment motion, but which has not been properly authenticated." Riley v. Town of Bethlehem, 44 F. Supp. 2d 451, 460 (N.D.N.Y. 1999) (internal citations omitted). Neither inaudible recordings nor transcripts derived from inaudible recordings are admissible and, therefore, the tapes and the transcripts should be stricken from the record.

    A.    **Because Plaintiff Failed to Provide the Court with the Original Recordings, the Transcripts Were Not Authenticated as Is Required for Admission**

A transcript must be authenticated *prior* to its submission to the court as evidence. See, e.g., Steele v. Jennings, No. 2:04-189, 2005 U.S. Dist. LEXIS 18703, at *9 (S.D. Ohio Aug. 31, 2005). A transcript must be submitted with the *original* recording from which it was made before it will be deemed authenticated. Dagen v. CFC Group Holdings, Ltd., No. 5682, 2004 U.S. Dist. LEXIS 6582, at *3 (S.D.N.Y. Apr. 13, 2004). Plaintiff did not submit a tape recording with her summary judgment brief. Nor did she submit any recording in response to the present Motion. Plaintiff's failure to submit the original recordings prevents the transcripts from being considered in opposition to Defendant's Motion for Summary Judgment. See 11 James Wm. Moore et al., Moore's Fed. Practice, § 56.10 (Matthew Bender 3d ed.) ("Courts generally accept

use of documents produced in discovery . . . but if such documents are not on file with the court, they must be [so] provided.").

Instead of submitting the original recordings to the Court as required, Plaintiff claims that she "took the original tape recordings to a company that specializes in producing copies of tape recordings to have copies made" and then gave those copies to her counsel who, in turn, provided a copy to Defendant.[1]  (D.I. 105 at 3).  If the original recordings do still exist, Plaintiff is the only one in possession of them.  By failing to provide the Court with the original tape recordings, Plaintiff is now precluded from attempting to authenticate the tapes after the filing deadline has long expired.  Because they have not been authenticated, both the transcripts and the tapes are inadmissible evidence that must be excluded from consideration.  Dagen, 2004 U.S. Dist. LEXIS at *3 (holding that a transcript must be submitted with its original recording and that the transcript must be properly authenticated); Hoffman v. Applicators Sales & Serv., Inc., 439 F.3d 9, 15 (1st Cir. 2006) (finding that the failure to submit the underlying documents along with a summary of the documents required that the summary be stricken from the record).

### B. Because Plaintiff Failed to Establish the Requisite Foundation for the Tape Recordings, the Transcripts Must Be Stricken

Plaintiff has failed to properly establish a foundation for the tapes or the transcripts.  To establish the requisite foundation, the proponent must demonstrate that: (1) the recording device was capable of taping the conversation offered into evidence; (2)

---

[1] Notably, this is the first time Plaintiff has made any mention of a "company that specializes in producing tape recordings," though the tapes were the subject of countless discussions during discovery.  Also worth noting is the absence of any documentation to support of this statement, such as a receipt, order form, or even the name of this "specialty company."  Plaintiff did not attach any form of proof to her Answering brief.

the operator of the device was competent to operate the device; (3) the recording is authentic and correct; (4) changes, additions, or deletions have not been made; (5) the recording has been preserved in a manner that is shown to the court; (6) the speakers are identified; and (7) the conversation elicited was made voluntarily and in good faith, without any kind of inducement.  See U.S. v. Starks, 515 F.2d 112, 121 (3d Cir. 1975) (applying the seven factors to determine the admissibility of a tape recording).

Plaintiff has not shown that any of the seven elements are present.  No offer of proof has been made as to the type or quality of the recording device Plaintiff used when she secretly recorded the conversations with her supervisors, thus precluding the establishment of the first or second elements.

Plaintiff's recent claim that the tape was duplicated by a third party further prohibits a finding that the tapes had not been altered or changed.  Only the copier of the tapes would be in a position to attest that no changes were made in the duplication process.  Furthermore, Plaintiff does not even assert that she believes the copies to be accurate, unaltered copies of the original tapes.  Therefore, neither the third, fourth or fifth elements have been established.

Additionally, Plaintiff admitted that the speakers were not properly identified in her deposition, thus precluding the sixth element from being established. During her deposition, Plaintiff stated that, although the transcript indicated the presence of a "Michael Holt," she had never heard of such a person.  (D.I. 103 at Exhibit 19).

And, as Plaintiff also admitted, she recorded both tapes without the permission or knowledge of the other speakers.  In the case of Mr. Harris, Plaintiff admits that she recorded the conversation secretly and without his consent.  In the case of Mssrs.

5

Ryan and Downie, Plaintiff was instructed to turn the recorder off, which she "pretended" to do but, in fact, continued to secretly record the meeting in direct violation of the orders of her superiors. Plaintiff, therefore, cannot establish any of the seven elements—all of which are required for a finding of foundation required prior to the admission of recordings and transcripts.

### C. Because the Tapes are Inaudible, the Transcripts Must Be Stricken

The evidentiary value of a recorded conversation depends on the audibility and intelligibility of the recording. Fishman, *supra*, at 479. The offering party has the initial burden of establishing a recording's audibility and intelligibility. See 23 Am. Jur. Proof of Facts 3d, Foundation for Audio Recordings as Evidence § 315 (2005) (noting that the offering party has the burden of production, which is satisfied by adequate foundation evidence). Where the moving party produces a transcript of a recording that is unintelligible, "the only appropriate response is to exclude both the tape and the transcript." Fishman, *supra*, at 479.

Here, Plaintiff admits that "[t]he **sound quality on the tapes is very poor** and[,] as a result, **it is very difficult to understand** the conversations that were recorded." (D.I. 105 at 3) (emphasis supplied). She also admits that parts of the "transcription were inaccurate." (D.I. 105 at 6). Indeed, "difficult to understand" is an understatement. The phrase "[inaudible]" is listed no less than **250 times** in the 34 page transcription. See U.S. v. Frazier, 479 F.2d 983, 985 (2d Cir. 1973) ("There is an obvious danger when a recording is substantially unintelligible that the part that can be heard may leave a misleading impression of the entire conversation."). Where a tape is inaudible, the fact that a participant can transcribe it "will not render the tape admissible since that

individual is relying on his memory, not the actual sounds on tape . . ..". People v. Warner, 510 N.Y.S.2d 292, 293 (N.Y. App. Div. 1987). Here, Plaintiff's edits are based only on her memory of the conversations, not on the actual recordings, which she admits are "very difficult to understand." Because of the poor quality of the tapes, neither the originally submitted transcript nor the edited version may be considered in deciding the pending Motion for Summary Judgment and, therefore, should be stricken from the record.

> **D.    Because the Transcripts With Plaintiff's Edits Do Not "Mirror the Tapes," They Must Be Stricken**

Transcripts are governed by the "mirror the tape" rule. See U.S. v. Font-Ramirez, 944 F.2d 42, 48 (1st Cir. 1991). Other than the identity of the conversants, the transcript should contain only what can actually be heard on the recording. Fishman, *supra*, at 494. Similarly, a transcript may not attempt to "explain" the conversation or actions being recorded. Id. Plaintiff's edits contain numerous instances of her personal commentary, summaries, and explanations of the nature of the conversations.

**III.    BECAUSE THEY CANNOT BE AUTHENTICATED, IT IS IRRELEVANT WHETHER THE TRANSCRIPTS CAN BE CONSIDERED PARTY ADMISSIONS**

In her Answering Brief to the present Motion, Plaintiff contends that the tape and transcript is admissible non-hearsay under Rule 801(d)(2)(A) as a party admission. (D.I. 105 at 7). Plaintiff, however, has omitted a major step in this analysis. As explained by the Eight Circuit Court of Appeals, the question of whether a tape recording can be considered either an admission of a party-opponent or as a prior inconsistent statement will not be reached where the poor quality of the tapes prevents their admission. McAlinney v. Marion Merrell Dow, Inc., 992 F.2d 839, 842 (8th Cir.

7

1993).  In McAlinney, the court discussed the admissibility of tape recordings submitted by the plaintiff.  Id.  The plaintiff had recorded conversations with his supervisors by using a tiny microcassette recorder hidden in his sock.  Id.  The resulting tapes were "mostly garbled, often unintelligible, and suffer[ed] from an excess of background noise."  Id.  The court held that the plaintiff could not comply with the seven-factor test required for admissibility of the tape recordings.  Id.

The court rejected the plaintiff's argument that he should have been permitted to introduce the tape recordings on cross-examination of the supervisor as an admission or inconsistent statement.  Id.  The "foundational concerns with the tapes" provided the trial court with a sufficient basis upon which to exclude the recordings even under the two asserted exceptions to the hearsay rule.  Id. at 843.  Even if they were not hearsay, the tapes were excludable under Rule 403 as prejudicial and confusing.  Id.

Here, Plaintiff has failed to properly authenticate the tape recordings.  She failed to abide by her agreement by declining to review the transcripts until months after the deadline for compliance had expired.  Further, she did not submit the original recordings with the transcript during summary judgment briefing.  Nor did she submit the original recordings in response to the present Motion to Strike.  She has not made any offer of proof concerning the requisite elements to establish a proper foundation, nor could she do so if now given the opportunity.  Finally, the tapes will not be admissible as an exception to the hearsay rule without having been deemed admissible in the first

instance. Plaintiff's (admittedly untimely)[2] submission of the Harris transcript cannot save the transcripts from the Motion to Strike.

---

[2] (D.I. 105 at 4, 6, & 8) ("Plaintiff did not submit her edits to the transcript prior to the deadline;" As of February 21, 2007, Plaintiff had "just recently completed her review" of the transcripts, months after the expiration of the agreed-upon deadline).

## CONCLUSION

For the reasons set forth in the brief above, Defendant CitiSteel USA, Inc. requests that its Motion to Strike be granted and that the Harris and Downie transcripts and tapes be stricken from the record and excluded from consideration in deciding the pending Motion for Summary Judgment.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca
Sheldon N. Sandler, Esquire (No. 245)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
Email:  mdibianca@ycst.com
Attorneys for Defendant

Dated:   March 5, 2007