IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TERRY L. SNYDER | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-970-JJF |
| | : | |
| CITISTEEL USA INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Pending before the Court is Defendant Citisteel USA Inc.'s ("Citisteel") Motion For Costs And Sanctions (D.I. 96). For the reasons discussed, Defendant's Motion will be denied.

I.  **BACKGROUND**

Citisteel has filed a motion seeking the costs and attorneys fees incurred due to Ms. Snyder's failure to appear at three consecutively scheduled depositions. The deposition was initially scheduled and properly noticed for September 20, 2006 (D.I. 71). On Monday, September 18, 2006, Ms. Snyder's counsel confirmed the deposition, but on the afternoon of September 19, 2006, sent an email to Citisteel's counsel canceling the deposition due to Ms. Snyder's "illness." The parties subsequently agreed to reschedule the deposition for 9 a.m., Wednesday, September 27, 2006. (D.I. 86). This deposition was also properly noticed. At 8:55 a.m. on September 27, 2006, Ms. Snyder's counsel informed Citisteel's counsel that Ms. Snyder had left a message stating that she would not be attending the deposition due to a "migraine headache." The deposition was

deposition due to a "migraine headache." The deposition was again rescheduled, for September 29, 2007 at 9 a.m., and was confirmed by Ms. Snyder's counsel on September 28, 2006. However, an hour before the deposition was scheduled to begin, Ms. Snyder's counsel again reported that Ms. Snyder would not be attending due to a migraine headache, and that Ms. Snyder indicated that she was on her way to the Emergency Room.

The parties once again rescheduled the deposition, settling on October 17, 2006. Citisteel requested that Ms. Snyder provide documentation for her three last-minute cancellations. While Ms. Snyder did attend this deposition, she did not bring documentation, nor could she recall the details of any treatment. (D.I. 96 at 3).

The parties agreed that Ms. Snyder would be responsible for the court reporter cancellation costs, and two invoices were forwarded to Ms. Snyder's counsel on October 16, 2006, requesting reimbursement in the amount of $280. (D.I. 96, Ex. M). The invoices were forwarded to Ms. Snyder by her counsel, and payment was ultimately made on December 7, 2006, one day after Citisteel filed the present Motion. (D.I. 97). Because Ms. Snyder remitted payment for these costs, the only issue still pending before the Court is Citisteel's request for attorneys fees.

Neither Ms. Snyder nor her counsel have provided any evidence that Ms. Snyder sought treatment before, during or

immediately after any of the cancelled depositions. Rather, Ms. Snyder contends that, since Citisteel has subpoenaed her medical/prescription records, Citisteel should have been aware that headaches were a possible side effect of her medications, and therefore, should have been on notice that last-minute cancellation of multiple depositions was a possibility. (D.I. 97). Moreover, the only medical records Ms. Snyder has provided in defense of her failure to appear is for a visit on October 2, 2006 for "headaches." No record for the alleged Emergency Room visit on September 29 has been provided. Finally, she contends that, despite having made repeated requests for payment of the court reporter fees, Citisteel's counsel did not contact her or her counsel before filing the present motion seeking additional fees. Thus, she contends, Citisteel has not made a reasonable effort to resolve the matters set forth in the present Motion, and therefore sanctions are not appropriate.

## II. DISCUSSION

Sanctions against a party failing to appear at a properly noticed deposition are permitted under the Federal Rules of Civil Procedure. Rule 37(d) provides that when a party fails to appear at her own deposition, a "court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially

justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d). The Supreme Court has determined that "substantially justified" means that a "genuine dispute" exists, or that "reasonable people could differ" as to whether the failure to appear was appropriate. Pierce v. Underwood, 487 U.S. 552, 565 (1988). Moreover, a finding of bad faith or willfulness is not required in order to impose sanctions pursuant to Rule 37(d). See Coane v. Ferrara Pan Candy Co., 898 F.2d 1030, 1032 (5th Cir. 1981). However, the limit of any sanction award should be that amount reasonably necessary to deter the improper behavior. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976).

    First, the Court concludes that Ms. Snyder's absences were not substantially justified. Ms. Snyder failed to appear at three consecutive depositions, and has failed to provide documentation supporting the explanations she gave for her absence. She has not provided any evidence of her alleged trip to the emergency room on September 29. The only report she has provided is dated October 2, 2006, which was after her third missed deposition. This report shows that Ms. Snyder has a history of herniated discs in her neck and back, which causes her pain; however, it does not mention migraine headaches. There is no genuine dispute that Ms. Snyder did not seek treatment for her illness or headaches before or immediately after cancelling her

4

depositions.  Wile the Court does not find that Ms. Snyder acted in bad faith, the Court also cannot conclude that Ms. Snyder's failure to appear at three consecutively scheduled depositions was substantially justified.

Having concluded that Ms. Snyder's behavior was not substantially justified, the Court must next determine whether there are other circumstances that make an award of sanctions or costs unjust.  As a preliminary matter, Ms. Snyder's indigent status does not exempt her from sanctions.  Bosworth v. Record Data of Md., Inc., 102 F.R.D. 518, 521 (D. Md. 1984).  Thus, the Court must look at other circumstances surrounding this case.

In addition to the $280 Ms. Snyder has paid to cover the court reporter cancellation fees, Citisteel is seeking $506 in attorneys fees and costs for the present Motion, as well as undisclosed fees incurred for preparing for and rescheduling Plaintiff's depositions.  Counsel for Citisteel had not previously informed Ms. Snyder's counsel of his intent to file the present Motion.  Further, while counsel conferred with each other about Ms. Snyder's liability for court reporter costs, there has been no representation that the parties discussed liability for any of the other costs incurred.  Thus, because Citisteel has not demonstrated that Ms. Snyder or her counsel had a reasonable chance to respond to the demands in the present motion, the Court finds that it would be unjust to impose motion

depositions.  Wile the Court does not find that Ms. Snyder acted in bad faith, the Court also cannot conclude that Ms. Snyder's failure to appear at three consecutively scheduled depositions was substantially justified.

Having concluded that Ms. Snyder's behavior was not substantially justified, the Court must next determine whether there are other circumstances that make an award of sanctions or costs unjust.  As a preliminary matter, Ms. Snyder's indigent status does not exempt her from sanctions.  <u>Bosworth v. Record Data of Md., Inc.</u>, 102 F.R.D. 518, 521 (D. Md. 1984).  Thus, the Court must look at other circumstances surrounding this case.

In addition to the $280 Ms. Snyder has paid to cover the court reporter cancellation fees, Citisteel is seeking $506 in attorneys fees and costs for the present Motion, as well as undisclosed fees incurred for preparing for and rescheduling Plaintiff's depositions.  Counsel for Citisteel had not previously informed Ms. Snyder's counsel of his intent to file the present Motion.  Further, while counsel conferred with each other about Ms. Snyder's liability for court reporter costs, there has been no representation that the parties discussed liability for any of the other costs incurred.  Thus, because Citisteel has not demonstrated that Ms. Snyder or her counsel had a reasonable chance to respond to the demands in the present motion, the Court finds that it would be unjust to impose motion

preparation costs against Ms. Snyder or her counsel.

Citisteel also seeks "additional fees incurred relating to preparation for, and subsequent attempts at scheduling Plaintiff's depositions." (D.I. 96). Although, this may be a reasonable request, it appears unjust to the Court to impose sanctions at this juncture, especially in light of Ms. Snyder's testimony at her deposition in October 2006. Further, the Court is hopeful that there is no more need to deter Ms. Snyder from not meeting her obligations in this litigation. Accordingly, because the Court finds that the circumstances of this case counsel against an award of sanctions or costs unjust at this juncture, the Court will deny Defendant's Motion, with leave to renew should Plaintiff fail to comply with her discovery obligations in the future.

NOW THEREFORE, IT IS HEREBY ORDERED that the Motion For Costs And Sanctions (D.I. 96) filed by Defendant is **DENIED**.

May 25, 2007
DATE

_____
UNITED STATES DISTRICT JUDGE